## COLLINS *v.* BUTLER *et als.*

WHERE a party moves for a new trial and fails, he cannot, on the same facts, go into equity to enjoin the judgment rendered.

Where two persons sue, as partners in possession, for a trespass on firm property, the judgment in their favor is firm assets. The fact of joint title as partners to the damages, is in issue and adjudicated.

The defendant, in such case, cannot afterward, in equity, enjoin the collection of this judgment and set off against it a claim against one of the partners, on the ground that, in fact, this partner was the sole owner of the property, and alone entitled to the damages. The judgment is conclusive as to the joint ownership.

Equity will not set off the claim of an individual creditor of a one joint owner of a judgment against the judgment. And if the judgment be partnership assets, the individual creditor has no claim to any part of it until adjustment of the firm accounts.

APPEAL from the Sixth District.

The County Judge granted an injunction, restraining the defendants, Butler and Long, to whom the judgment in the suit of *A. J. and E. J. Butler* v. *Collins*, (12 Cal.) had been assigned, from collecting or transferring the same. Long appeals from the order.

*Robinson, Beatty & Heacock*, and *W. S. Long*, for Appellant, argued: that the bill was destitute of equity; that the matters now set up could have been used on the trial at law.

*E. B. Crocker*, for Respondent.

On the facts alleged in the complaint, we contend that plaintiff is entitled to a set-off in equity, and that the injunction was therefore properly granted.

Insolvency is a peculiar ground for a decree of set-off; so in all cases where there is a natural equity. (Barb. Set-Off, 190, 191; *Russell* v. *Conway*, 11 Cal. 93 ; *Naglee* v. *Palmer*, 7 Id. 543.)

Equity will, in many cases, set off a separate debt against a joint debt. (Barb. Set-Off, 197 ; 12 Ves. 346; 11 Id. 24; 18 Id. 232; 1 McCleland & Younge, 307 ; 3 Ves. 348.)

So, where there is a connection between the demands, as here. (2 Sto. Eq. Sec. 1434; *Beasley* v. *D'Arcey*, 2 Sch. & Lefroy, 403;

*Piggot* v. *Williams*, 6 Madd. 95; *Williams* v. *Davis*, 2 Simons, 461; 2 Paige, 581; *Russell* v. *Conway*, 11 Cal. 93; *Simpson* v. *Hart*, 14 J. R. 73.)

But it is objected that all the matters involved in this suit are *res judicata*.

This right or claim of set-off was not adjudicated, for there is no pretense that Collins, who was defendant in the former suit, set up any set-off therein, and, if he had, it would have made no difference, it being an action *ex delicto*.

It is urged, however, that the question whether A. J. Butler was a partner or not was litigated in the former suit, and is, therefore, *res judicata*. But a judgment operates as an estoppel only where the particular fact was directly found by the jury, or necessarily included. (*Eastman* v. *Cooper*, 15 Pick. 276; *Wood* v. *Jackson*, 18 Wend. 10; *Spooner* v. *Davis*, 7 Pick. 147; 1 Story, 474; *Standish* v. *Parker*, 2 Pick. 20; *Gilbert* v. *Cushing*, 9 Cush. 348.)

In this case there is no pretense that the jury directly found that the plaintiffs in the former suit were partners, nor was it necessary to prove that fact to maintain that action, as the plaintiff could have maintained it upon bare proof of possession alone, without proof of any partnership. (2 Saunders, 47, C. and D.)

And, although a party claims to be owner in fee in his complaint, yet he can maintain the action upon proof of prior possession alone. (*Day* v. *Alverson*, 9 Wend. 223; *Winans* v. *Christy*, 4 Cal. 70.)

The verdict is not conclusive that they were partners, and the question is not, therefore, *res judicata*.

But, even if such were the case, still it may be that A J. Butler's partnership interest is but small—may be one-tenth; or even if it is one-half, we would still have a right in equity to offset E. J. Butler's interest in the judgment (which may be nine-tenths) upon our notes against him; and we would have the right, upon the trial in this case, to show what the real interest of each was, though the former action should prevent us from showing that they were not partners, for the former judgment did not determine the extent of the interest of each in the partnership property.

Collins *v.* Butler.

It was suggested that if the judgment is partnership property the partnership creditors have a right to have it applied on their debts; but there is nothing to show that there are any partnership debts, as there is no answer filed, and it is not for the Court to presume that there are any partnership debts.

But we place this case upon higher grounds of equity. The bill shows that E. J. Butler, with the knowledge and consent of A. J. Butler, placed these goods in plaintiff's hands as security for the debt due to him, until they could procure other security. By this, the plaintiff acquired a lien in equity as against both parties, and this lien attaches as well to the goods themselves as to the judgment recovered for their value.

Equity will give a lien upon personal, as well as real, property, for the purchase money, where there is an agreement to that effect, as such an agreement raises a trust. (2 Story's Eq. Sec. 1231; *Legard* v. *Hodges*, 1 Vesey, Jr. 477; *Ewing* v. *Arthur*, 1 Hump. 537; *Collyer* v. *Fallon*, 1 Turner & Russell, 469; 11 Eng. Ch.; *Power* v. *Bailey*, 1 Ball & Beatty, 52; *Thayer* v. *Goodall*, 4 Miller, La. 222; *Ex parte Seaforth*, 19 Vesey, 235.)

Further, the judgment sought to be enjoined was obtained by fraud. These charges are all admitted to be true. Equity will relieve against a judgment obtained by fraud. (*Carpenter* v. *Hart*, 5 Cal. 406; *Sanford* v. *Head*, Id. 297.)

*Heydenfeldt*, also, for Respondent.

If there is a connection between the demands, equity acts upon it and allows a set-off under particular circumstances. (2 Story's Equity, Sec. 1434; *Bensley* v. *Arcy*, 2 Sch. & Lfr. 403, n.; *O'Conner* v. *Spaight*, 1 Id. 305; *Piggott* v. *Williams*, 6 Madd. 95.) Indeed, a set-off is ordinarily allowed in equity only when the party seeking the benefit of it can show some equitable ground for being protected against his adversary's demand. (Story, Sec. 1436.) Courts of Equity will extend the doctrine of set-off, and claims in the nature of set-off, beyond the law, in all cases where peculiar equity intervenes between the parties. (Story, Sec. 1437; *James* v. *Kynnier*, 5 Ves. 108; *Rawson* v. *Samuel*, 1 Craige & Phil. 161; *Lord Cowdor* v. *Liens*, 1 Y. & Col. 427; *Williams* v. *Davis*, 2 Sim. 461; *Ex parte Stephens*, 11 Ves. 24; *White* v. *O'Brien*, 1 Sim. & Stu. 551; *Ex parte Quintin*, 3 Ves. Jr. 248; *Simpson* v. *Hart*, 14 Johns. 63.)

One defendant in tort, discharged, proves he was made a defendant, to prevent his testimony. (*Bates* v. *Conklin*, 10 Wend. 389.)

On granting new trial. (*Winthrop* v. *Lane*, 3 Desau, 310; *Roy* v. *Duke of Bedford*, 2 Atk. 190; *Regina* v. *Bellins*, 1 P. Wms. 207; *Gainsboro'* v. *Gifford*, 2 Id. 424; *Humphreys* v. *Humphreys*, 3 Id. 395; *Mitchell* v. *Haines*, 2 Ves. Jr. 135; *Anderson et al.* v. *Fox*, 2 Hen. & Mun. 245.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

We think that the injunction in this case was improperly granted, and that the bill is destitute of equity.

The defendants, A. J. and E. J. Butler, as partners, brought an action of trespass against Collins and one Monell, in the Sixth District Court, for taking and converting certain goods in the possession of, and belonging to, the defendants. The suit was tried on the merits, and a verdict rendered for the plaintiffs. The case was taken to this Court on appeal, and the judgment below partially affirmed. On the trial, a nonsuit was taken as to Monell. A motion was made for a new trial below, and overruled, and this action of the Court was also affirmed by the judgment of this Court.

1. The bill is filed to enjoin this judgment on several grounds: The first is for matter entitling the defendant to a new trial. But this matter is the same that relied on below, and held insufficient. We do not think it can seriously be contended that chancery will give relief, by way of appeal from the law side of the District Court, much less from the judgment of this Court, upon the same facts passed upon in judgment by the law Court and this Court. The District Judge, sitting on the trial below had full power to act in the premises; and this matter, if sufficient at all, was matter for relief at law. There can in such a case be as little necessity as authority for the interposition of a Court of Equity. Litigation would be unnecessarily protracted, if, in every case in which a party moved for a new trial and failed, he could then, upon the same facts, apply to the same Judge for an injunction, and retry his case in equity; and there would be a singular inconsistency in holding that the same

Judge, with full jurisdiction and capacity to pass upon given facts and grant the appropriate relief, should apply one measure of relief, or one set of rules, in one character, and another and different measure or set in another character.

2. The second ground is that the plaintiff is entitled to an offset against E. J. Butler, one of the plaintiffs in the judgment; that Butler is insolvent; that the judgment is, and was when obtained, really owned by E. J. Butler; that he was alone entitled to the goods for trespassing upon which the suit was brought and recovery had in the law Court; that the name of A. J. Butler was only used in that suit to prevent this offset being set up; that this was fraudulently done, and that the action in the form *of trespass,* was brought for the same purpose. Many facts and circumstances are set out, with much minuteness of detail, in connection with these allegations; but this is the substance of the charge.

The proceedings in the Court of Law in suit of *Butlers* v. *Collins,* are not set out as they should have been, but only referred to in the general way indicated. We are to take the bill, however, most strongly against the pleader. It appears, from the face of the bill, that this was an action brought by the Butlers, as copartners, for the invasion of property of the firm in their possession. We think it does not matter whether the complaint charged that the plaintiffs were the owners of the property, or that they were in possession of it. We do not very well see how the charge of the bill can be true, that the action was brought in the form of trespass for the fraudulent purpose of preventing the offset of Collins from being set up. We do not see how any other action could be brought on the facts, unless replevin or trover were appropriate, and the offset would have been equally excluded in those forms of action.

The complaint was answered. The defendant was in possession of all the facts, so far as appears from the bill, at that time and at the time of trial, which he had at the filing of this bill. The plaintiffs were bound to prove on the trial the substantial averments of the complaint; that they were partners in possession (if not owners) of these goods, and that the defendant unlawfully took and converted them. It would have been a good defense to show that these plaintiffs were not partners, or

that these goods were not in their possession, as such, or that (as the complaint may be,) they were not joint owners. We presume if the defendant had shown that A. J. Butler was not a partner, that the goods were the goods of E. J. Butler, or that A. J. Butler had been merely joined with E. J. Butler for fraudulent purposes, the defendant would have been held entitled to a verdict, and so, if plaintiff had not proved a joint title to the property, or a joint possession of it. If E. J. Butler was the owner, though A. J. had the mere control of the property for him, and as his agent, both being in the store, the ownership would draw to it the possession, and A. J. Butler could not sue jointly with E. J. any more than every Clerk in a store could sue in trespass or replevin jointly with the owner.

The complaint, then, putting in issue the joint title, or the joint right to recover damages, the judgment determined the question of that joint title or right; and the very thing adjudicated in this controversy was the fact that these two men, as partners, had good right to a sum of money, before unliquidated, *as partners.* What the form of the verdict is, we are not informed, nor for what particular things the recovery was had—whether for an invasion of joint property, consequential damages, or injury to the business of the plaintiffs, or for the exact value of goods taken and converted. But, it matters not. As the recovery was had by these men as partners, claiming redress for a trespass upon firm property, the judgment was, and became, firm assets, as much as if Collins had voluntarily given his note in consideration of their claim on this account to these men as partners; and if a Court of Equity had been required to determine the nature of this credit, and the relative rights of individual and firm creditors to be paid out of the proceeds of it, no doubt can be entertained that it would be considered and treated as partnership assets.

Having seen that this fact of joint title as partners to these damages—liquidated afterward by judgment—was put directly in issue, and tried in the law case, it remains to inquire what effect the judgment in that case has upon the assertion of the then defendant—plaintiff here—in this bill, that really and in truth this was not the fact, but that the true owner of the money is E. J. Butler, one of the plaintiffs in the suit at law.

Collins *v.* Butler.

Greenleaf's Ev. (Vol. 1, Sec. 528,) says : "A record, therefore, is not held conclusive as to the truth of any allegations which were not material or traversable; but as to things material and traversable, it is conclusive and final." The general rule on this subject was laid down, with admirable clearness, by Lord Chief Justice De Grey, in the Duchess of Kingston's case, and has been repeatedly confirmed, and followed without qualification. " From the variety of cases," said he, " relative to judgments being given in evidence in civil cases, these two deductions seem to follow as generally true : first, that the judgment of a Court of exclusive jurisdiction directly upon the point is, as a plea, a bar, or as evidence conclusive between the same parties, upon the same matter directly in question in another Court; secondly, that the judgment of a Court of exclusive jurisdiction, directly upon the point, is, in like manner, conclusive upon the same matter between the same parties, coming incidentally in question in another Court for a different purpose."

In *Adams* v. *Pearson*, (7 Pick. 341,) upon a complaint for flowing the plaintiff's lands, under a statute of Massachusetts, damages were awarded for the past, and a prospective assessment of damages made for the future flowage; upon a subsequent application for an increase of the assessment, the defendant was precluded from setting up a right in himself to flow the land, for the right must necessarily have been determined in the previous proceedings. (See also, 3 Comst. 74; 4 Cow. 559; 3 Id. 120; 3 Denio, 328.)

These authorities are decisive of this case. Upon a direct issue joined with the defendant, Collins, (plaintiff here,) on the right of these plaintiffs, the Butlers, to maintain this action of trespass as partners, and to recover so much money as damages, to which they, as such partners, were entitled, for an invasion of firm property, the verdict and judgment affirmed their title. The defendant, Collins, now in this bill denies this adjudicated fact. He says—the judgment and verdict notwithstanding—that the title to the goods and to the damages was really in E. J. Butler, and that, as he has a claim against him, he may lawfully set off that claim against the judgment of the Butlers. This, we have shown, is to deny the whole effect of the record in the common law suit.

3. If this be so, it is scarcely necessary to say, that the equity of Collins' bill fails. He has no other equity, for it is not disputed, if this be joint property, equity will not set off the claim of the individual creditor of E. J. Butler against the joint claim; and if it be partnership assets, the individual creditors, until the adjustment of the firm accounts, which has not been shown, have no claim to this credit, or any given proportion of it.

This may be a hard case, as the counsel have insisted, on Collins, but we cannot relax the rules of law, in order to relieve isolated instances of hardship.

The order granting the injunction is reversed, and the bill of the plaintiff dismissed.