WILLIAM PERRY *et al.*, plaintiffs in error *vs.* ROBERT M. GUNBY, defendant in error.

A case was brought up to the Supreme Court by writ of error, alleging certain specified grounds of error to the rulings and charge of the Court below, and refusal of the Court to charge as requested, and the writ of error was dismissed in this Court, on the ground that the original bill of exceptions and the record therein were not transmitted from the Court below within the time prescribed by the rule of this Court, and the judgment of the Court below was affirmed, as provided by the Constitution of this State. At the term of the Court at which the *remittitur* from this Court was made the judgment of the Court below, a motion was made for a new trial, on several grounds, under the provisions of the 3670th section of the Code, which motion was overruled on the ground that the dismissal and affirmance of the judgment of the Court below, was a bar to the granting of a new trial:

*Held,* That the defendant was not concluded from making a motion for a new trial on any legal or equitable grounds, except those specified grounds of error taken in the bill of exceptions which was dismissed; as to each of those grounds he was concluded, by the affirmance of the judgment, under the provisions of the Constitution, but not as to other grounds not contained in the bill of exceptions which was dismissed.

*Res Adjudicata.* New Trial. Practice. Before Judge JOHNSON. Muscogee Superior Court. May Adjourned Term, 1870.

This cause was brought before this Court at June Term, 1870, without any motion for a new trial having been made in the Court below. On the 13th of June, 1870, because the record had not been transmitted to this Court in the time required by law, (and because no sufficient excuse or explanation for the delay was shown,) the Court dismissed the writ of error, and ordered "that the judgment of the Court below stand affirmed." See 41st Georgia Reports. In the order dismissing it and in the *remittitur*, the words in brackets are wanting. The May Term of said Superior Court had been adjourned, and was in session in July, 1870. The defendant's counsel then moved for a new trial in said cause,.

upon all the grounds stated in the said dismissed bill of exceptions, and also upon the grounds that said verdict was contrary to law and equity, and to the weight of the evidence, and produced the *remittitur* to show that the dismissal was the fault of the Clerk below. Complainant's counsel said that said judgment of affirmance was a bar to any motion for a new trial in said cause, and upon that ground the Court refused to entertain the motion. That is assigned as error.

When the cause was called here, counsel for Gunby moved to dismiss it, because by the first cause this was *res adjudicata.* The Court ordered the cause to proceed, saying they could only pass upon this motion upon full hearing. But the argument was confined to the question whether such affirmance was a bar to a motion for a new trial; this Court would not hear argument upon the merits of the motion.

CHAPPELL & RUSSELL; R. J. MOSES, Jr., for plaintiff in error.

H. L. BENNING, for defendant.

WARNER, J.

The defendant was not concluded from making a motion for a new trial, under the provisions of the 3670th section of the Code, on any legal or equitable ground, except the specified grounds of error taken and set forth in the bill of exceptions, which was dismissed in this Court. As to each of those grounds of error, he was concluded by the affirmance of the judgment, under the provisions of the Constitution, but not as to other grounds not embraced in the bill of exceptions, which was dismissed.

Let the judgment of the Court below be reversed.