OBEAR, executor, etc., *vs.* GRAY.

1. Where, on the hearing of a motion for new trial, a motion was made to dismiss it, on the ground of want of jurisdiction, because the rule *nisi* was granted in vacation, under an *ex parte* order granted in term allowing time to prepare the motion for new trial, and where this motion to dismiss was overruled, the matter was *res*

*adjudicata*, and the point could not again be raised by a motion to dismiss the writ of error.

2. The issue being as to the soundness or unsoundness of the mind of one for whom a trust had been created, and whether the trust had become executed, the evidence of two witnesses, to the effect that they had known him from his birth up to the time when they testified, and that he was not of sound mind and capable of managing his property, was admissible. Although the witnesses testified by interrogatories some ten years before the trial, yet their testimony tended to prove a permanent unsoundness of mind, and might have had some effect in determining the son's condition at the time of the trial.

3. The charge of the court, "and likewise the law says that mere weakness of mind, where there is no fiaud or imposition practiced on him, will not relieve," was not applicable to this case, and was fragmentary in its character.

4. Directions given that the entire case be tried at one time, and the issues of fact be submitted to the jury, so that a final decree may be had on their finding.

November 11, 1884.

*Res adjudicata.* Practice in Supreme Court. Evidence. Insanity. Before Judge CARSWELL. Bibb Superior Court. October Term, 1883.

Gray filed his bill against Obear, as executor of William Gray, deceased, and as trustee for complainant. He alleged that the trust was created during his minority by the will of his father, William Gray, but that he had since become of age and capable of managing property, and that the trust had become executed. He charged also various acts of mismanagement of the executor, and sought to have him discharged and to have the property turned over to himself.

Defendant denied any mismanagement on his part, and alleged that the reason for creating the trust was that complainant was *non compos mentis*, and not capable of managing property, and that this was still the case.

This last question alone seems to have been submitted to the jury. They found that, at the date of the creation of the trust, complainant was incompetent to hold and

manage property, but that he was competent to do so at the time of the trial. Defendant moved for a new trial, which was refused, and he excepted.

This case has been to the Supreme Court several times, and will be found reported in 54 *Ga.*, 231; 55 *Id.*, 138; 59 *Id.*, 675; 68 *Id.*, 182.

For the other facts, see the decision.

LANIER & ANDERSON; GUSTIN & HALL, for plaintiff in error.

J. RUTHERFORD; J. C. RUTHERFORD; SAM. H. JEMISON; L. N. WHITTLE, for defendant.

BLANDFORD, Justice.

1. The defendant in error moved to dismiss the writ of error in this case, because the order passed in term allowed the plaintiff in error until a certain time in vacation to prepare the motion for new trial and brief of evidence had upon the trial of the case, and an order was passed at a subsequent day in the term at which the trial was had, giving a further day within which to prepare the motion and brief of the evidence. The judge who presided at the trial of the case in vacation granted the rule *nisi*, requiring defendant in error to show cause at the next term of the superior court of Bibb county why a new trial should not be had in said case. These orders were all granted without the consent of defendant in error or his counsel. The plaintiff in the case appeared at the time and place appointed for the hearing of the motion, and objected to the case being heard, because the court had no jurisdiction for that purpose. The court overruled this objection, heard the motion, and refused the same. The defendant in error took no bill of exceptions to the ruling of the court overruling his objections to the motion being heard for want of jurisdiction. He is thereby concluded by

the decision of the court, which is *res adjudicata.* He cannot escape from the conclusiveness of that judgment by his motion to dismiss this writ of error. We are of the opinion that movant can take nothing by his motion, and the same is overruled.

The defendant excepted to the judgment of the court in overruling and refusing the motion for new trial.

2. The only ground of error which it is necessary to consider is as to the judgment of the court in ruling out the testimony of Allen Kennedy and John D. Gray, to the effect that they had known the defendant in error from his birth up to the time at which they testified, and that he was not of sound mind and capable of managing his property. This testimony was allowed on a former trial of this case, when the same was sought to be excluded by defendant in error, and formed an exception, and was brought to this court, when it was determined by the judgment of this court to be admissible. See this case as reported in 59 *Ga.*, 675.

But it is contended that the rejection of this evidence did not hurt the plaintiff in error, because the jury, by their verdict, found that defendant in error was of unsound mind when his father's will was made, and that the testimony could only relate to the condition of defendant's mind at that time, and not at the time of the trial,—this testimony having been taken by commission some ten years before the trial. We cannot say what effect this evidence might have had upon the jury, if it had been admitted. Kennedy had been a partner of the father of young Gray, and knew him well and intimately; Gray, the other witness, was his uncle, and had known him all his life, and both testified as to the permanent character of the unsoundness of the mind of E. T. Gray, the defendant in error.

3. We think that the charge of the court, "and likewise the law says that mere weakness of mind, where there is no fraud or imposition practiced on him, will not re-

lieve," is not applicable to this case; it is fragmentary, and if applicable to any case, we can see no proper connection with the present case.

4. We direct that this whole case be tried at one and the same time; that all the issues of fact be submitted to the jury, so that a final decree may be had on their finding.

Judgment reversed.