Blandford, J.
A motion for new trial in extraordinary cases, as provided in §§3719, 3721 of the Code, was intended, in a great degree, to take the place of a bill in equity for new trial. The parties are allowed, by this motion, to do at law what could have been done only in equity before that time; and hence it must follow that such a motion must contain clearly and specifically all the grounds necessary to have been averred in a bill for new trial. 3 Graham & W. on N. Tr., 1454 et seq.
(a) Where, pending the term of court at which a trial took place, •counsel prepared the papers to make a motion for a new trial, but, by *268 reason of the fact that the judge absented himself from the court, the-term ended unexpectedly to counsel, and the motion was neither filed nor presented to the judge during the term; and where the motion so-prepared was overruled, and the case was brought to this court, where the writ of error was withdrawn without prejudice, under an intimation from the bench that the motion could not be made in- vacation, this did not furnish aDy ground for making an extraordinary motion at the next term of the court on substantially the same giounds. An extraordinary motion so made should have been dismissed on motion, but having been overruled, the judgment will be affirmed. 1 Johns. Ch., 320; 9 Wall., 805; 42 Ga., 41; 57 Id., 285; 71 Id., 654; 72 Id., 204; 65 Id., 57; Code, §372; 62 Iowa, 212,
Goodyear & Kay, for plaintiffs in error.
Frank H. Harris; Hill & Harris; Ira E. Smith; G. B-. Mabry, for defendants.
Judgment affirmed.