FOLSOM v. BALLARD et al.

(Circuit Court of Appeals, Eighth Circuit. September 23, 1895.)

No. 601.

EQUITY—GRANTING NEW TRIAL OF ACTION AT LAW.
When a motion for a new trial of an action at law has been made in the trial court, under a statute authorizing it, and has been heard on the merits, and denied, equity will not entertain a bill for a new trial of the action, based upon the same grounds.

Appeal from the United States Court in the Indian Territory.

F. G. Barry, C. L. Herbert, and Yancey Lewis filed brief for appellant.

W. O. Davis filed brief for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. On the 9th day of January, 1893, the appellees, J. S. Ballard and W. T. Billingsley, brought an action of ejectment in the United States court in the Indian Territory against J. A. Mays, G. M. Stewart, and the appellant, I. W. Folsom, to recover the possession of the W. ½ of lot 1 in block 66 in Adkin's addition to the town of Ardmore, in the Indian Territory. The process in the action was duly served on all the defendants, none of whom answered at the return term. At the October term, 1893, Mays and Stewart filed a disclaimer; and, the defendant Folsom not answering, judgment by default was rendered against him. In apt time, and during the term at which the judgment against the defendant Folsom was rendered, he appeared, and filed a motion to vacate and set aside the same, and for a new trial, for various grounds, which motion the

court overruled, from which ruling an appeal was taken, but not prosecuted. Afterwards, the appellant Folsom filed a bill in this cause against the appellees, Ballard and Billingsley, praying that the judgment in the ejectment suit be vacated, and a new trial ordered. The lower court sustained a demurrer to the bill, which ruling is assigned for error.

The grounds for a new trial set up in the bill are, in substance, that the appellant purchased the property from one Carter, supposing he was getting a good title thereto; that when the ejectment suit was brought against him for the property he went to see Carter, who told him the suit would be defended, and appellant's title and possession protected, and that the agent of Mays, one of his codefendants, gave him the same assurance; that Mays employed a firm of lawyers to defend the suit, and appellant was advised that they were defending the same; that his codefendants filed their disclaimer in the suit, and thereupon the suit was discontinued as to them, and a judgment rendered by default against the appellant on the 6th day of November, 1893; that the case was docketed for trial on the 14th of that month; and that no judgment could regularly be rendered therein before that date. It is averred that "as soon as petitioner heard of all this he employed counsel, Judge John M. Hinkle, to apply to the court for necessary relief, who thereupon moved the court for a new trial; setting up, substantially, the fraudulent conduct of the said codefendant Mays, with the additional ground that the case was heard and tried before the day set for the hearing thereof, contrary to the law in such cases made and provided, and other grounds mentioned in said motion." It is also averred that the court had no jurisdiction of the parties or the subject-matter, and that the judgment was rendered therein "without the knowledge or consent of this petitioner, to his great surprise. injustice, and in utter bad faith of his codefendants, and especially of the said Mays, who, by this cunning scheme and fraudulent device, betrayed this petitioner into the hands of the enemy." There is no averment in the bill that there exists any ground for a new trial other than those presented to the law court in the motion for a new trial, which that court denied. The bill and exhibits thereto disclose the fact that it is merely a renewal in a court of equity of the same motion for a new trial that was denied by the law court which rendered the judgment. Not a single new ground for a new trial is set up in the bill, and it is not averred that any exists. The motion for a new trial was filed in a law court in apt time, and considered upon its merits and overruled by the court during the term at which it was filed. The grounds relied on for a new trial in the motion and the bill are such as may be embraced in a motion for a new trial under the Code of Practice in force in the Indian Territory. Mansf. Dig. § 5151. The supreme court of Arkansas, construing this section of the Code, has said it does not divest courts of equity of their ancient and inherent jurisdiction to relieve against fraud or mistake, and to grant new trials for these causes. Leigh v. Armor, 35 Ark. 123. In Pomeroy's Equity Jurisprudence, it is said that the relief heretofore obtained by a bill in equity for a new trial is, under

the modern Codes adopted by many of the states, now obtained "by means of a motion for a new trial, and the necessary occurrences for a resort to equity have been lessened. Equitable jurisdiction, however, has not been abrogated, even in those states, and it is constantly invoked in the other commonwealths." 2 Pom. Eq. Jur. § 836. Later on in his treatise the learned author states the rule as to the effect of these statutory provisions relating to new trials on equity courts entertaining suits therefor, more strongly. He says:

"The original occasion for this special jurisdiction [of courts of equity to grant new trials] has disappeared. In England, and in most if not all of the American states, either through statutes or through judicial action, the courts of law have acquired, and constantly exercise, full powers to grant new trials whenever, from the wrongful acts or omissions of the successful party, or from accident or the mistake of the other party, or from error or misconduct of the judge or the jury, there has been a failure of justice. In other words, the powers of the law courts to set aside verdicts or judgments are so ample as to meet all the requirements of equity and justice, and the special equitable jurisdiction with respect to this matter has become obsolete in the very large majority of the states, if not in all of them." 3 Pom. Eq. Jur. § 1365.

Assuming that under the Arkansas Code, in force in the Indian Territory, the jurisdiction of a court of equity to grant new trials upon a sufficient showing still exists, the question remains whether that jurisdiction can be exercised in this case. When a statute authorizes a motion for a new trial to be made in the trial court, and enumerates causes therefor, and such a motion is filed in the law court, and heard on its merits, and denied, can the party filing the motion afterwards invoke the aid of a court of equity to grant him a new trial for the very same causes that were held to be insufficient by the law court? We are very clear that a bill in equity for a new trial cannot be maintained in such a case. A court of equity possesses no appellate or supervisory power over courts of law. And it is well settled that where a motion for a new trial has been made in the trial court, and refused, it cannot be successfully renewed in the form of a bill in equity in a chancery court, on the same grounds. The law court had full jurisdiction of the subject-matter and the parties, and its judgment overruling the motion for a new trial is no more subject to review by a court of equity than is its judgment in any other case. In Simpson v. Hart, 1 Johns. Ch. 97, Chancellor Kent said that where courts of law and equity have concurrent jurisdiction over a question, and it receives a decision at law, equity can no more re-examine it than courts of law, in a similar case, could re-examine a decree in the court of chancery. In Matson v. Field, 10 Mo. 100, the court held that a court of equity will not interfere by injunction to restrain a judgment at law for causes which, on a motion for a new trial at law, have been held insufficient.

The conclusion reached on this point in the case makes it unnecessary to consider any of the other questions discussed in the briefs of counsel, and particularly the question whether the bill states a case entitling the appellant to a new trial; that question having been determined by the law court on the motion for a new trial filed in

that court, and the appellant's remedy for the correction of any error in the ruling thereon being by appeal to the court exercising appellate and supervisory jurisdiction over the court that denied the motion.

When the bill in this case was filed the court granted a temporary injunction against enforcing the judgment at law. This injunction was afterwards dissolved, and the bill dismissed, and a judgment rendered in favor of the appellees for the damages sustained by reason of the issuance of the injunction. Much of the brief filed on behalf of the appellant is taken up with discussing the alleged error of the court below in rendering judgment for the damages on the dissolution of the injunction, but this alleged error is not found in the assignment of errors, and cannot, therefore, be noticed. The only errors assigned are (1) that the court erred in dissolving the injunction; and (2) that it erred in sustaining the demurrer to the bill. These two assignments are, in effect, one. If the demurrer to the bill was properly sustained, the temporary injunction issued in the case was, of course, properly dissolved. The decree of the United States court in the Indian Territory is affirmed.