## HUNT *v.* TRAVELERS INSURANCE COMPANY.

Where the presiding judge passes an order overruling a motion to dismiss a motion for new trial, made by the respondent at a time when the judge had jurisdiction to pass on such motion to dismiss, and providing that the movant have until a named date, which is the first day of the next term, to present for approval a brief of the evidence, and the movant duly files and presents for approval such brief on that day, while the order overruling the motion to dismiss stands unreversed the judge during such term or thereafter is without authority to dismiss the motion for new trial on another motion of the respondent, based on ‚the same grounds on which the former motion was made, such grounds being that movant in the motion for new trial had not presented for approval a brief of the evidence within the time specified in orders of the judge passed before the order overruling the motion to dismiss.

AUGUST 22, 1911.

Motion for new trial. Before Judge Gilbert. Muscogee superior court. December 8, 1910.

*Hatcher & Hatcher,* for plaintiff.

*Charlton E. Battle* and *Howell Hollis,* contra.

HOLDEN, J. The plaintiff in error sued the defendant in error, and during the May term, 1910, of the superior court a verdict and judgment were rendered in favor of the defendant. During that term, and within 30 days from the rendition of the verdict, the plaintiff made a motion for a new trial, the grounds of which were approved; and during the same term, on May 23, 1910, an order was passed by the court, directing that the motion be heard on August 1, 1910. This order further provided that if the motion was not heard on that date, it should be heard at such "time and place in vacation as counsel may agree upon, under approval of

the court, and upon failure to agree, then at such time and place as presiding judge may fix on the application of either party," upon 5 days notice to the opposite party, and that "movant have until 23d of July, 1910, to prepare and present for approval and filing a brief of the evidence." On July 23, 1910, in vacation, the presiding judge passed an order providing "that the time for preparing and presenting to the court her [movant's] brief of the evidence for approval be extended until the 1st day of August, 1910, at which time the court will approve the brief of evidence, . . and the same may then be filed." On August 1, 1910, during the August term of the court, the presiding judge passed an order reciting "that the plaintiff's counsel are not guilty of laches" in failing to present for approval a brief of the evidence, and ordering that the hearing of the motion "be continued until the 29th of August, 1910; and that plaintiff have until the 26th day of August, 1910, to prepare and present to the court her brief of evidence in the case for approval and filing. At which time said motion for new trial is set for hearing at chambers in Muscogee county, Georgia." On August 29, 1910, in vacation, the presiding judge granted an order providing that the hearing of the motion be continued until the 27th day of September, 1910, "and that movant have until said hearing to prepare and present to the court for his approval and filing a brief of the evidence in said cause." This order recited that it was granted "without prejudice to either party." On September 27, 1910, in vacation, the judge granted an order reciting that on August 29, 1910, the respondent made a motion to dismiss the motion for a new trial, "upon the ground that no brief of evidence had been presented for approval by the court, and other grounds, as will appear by motion of that date; this motion was overruled, and further time was granted movant to prepare and file his brief of evidence." This order further recited: "On the 27th day of September, 1910, on the call of said case, counsel for the defendant appeared and announced to the court that the appearance for defendant was subject to a prior motion to dismiss, and to offer a motion to dismiss the motion for a new trial. This motion was also overruled, and movant granted until the 7th day of November, 1910, to complete and present for approval her brief of evidence, on which date said motion shall be heard and determined." During the November term of the court,

the plaintiff filed in the clerk's office and presented to the judge for approval, on November 7th, 1910, a brief of the evidence. The motion "stood on the motion docket of said court until the regular call of the motion docket during said November term, 1910, of said court, when it was called in its regular order for trial on the 30th day November, 1910," at which time the court approved and ordered filed the brief of evidence and an amendment to the motion for a new trial. On November 30, 1910, while the November term of the court was in session, the motion for a new trial was called in its regular order on the motion docket, and respondent orally moved to dismiss the same, "because the brief of the evidence had not been approved by the court in terms of the orders passed in the cause." The court reserved his decision until December 8, 1910, when he rendered a judgment dismissing the motion for a new trial, which judgment contained, among other recitals, the following: "While this court feels assured that no error of law was committed, and counsel for movant having several times, on the various hearings, admitted that the evidence was sufficient to authorize the verdict rendered, yet, because the reasons which prevented the completion and filing of the brief of evidence appealed strongly to the court and seemed sufficient to excuse the failure, this court felt anxious to have the Supreme Court pass upon the important issues of law involved. Since the entire record has been submitted, the court is now convinced that it was without jurisdiction to pass any of the orders subsequent to the order dated May 23d, 1910 (*Blackburn* v. *Alabama Midland Railway Company*, 116 *Ga.* 936 [43 S. E. 366].) The motion is, therefore, necessarily but regretfully dismissed." To this judgment the movant excepted.

One of the exceptions to the order of the court dismissing the motion for new trial is, "because it appears from the order of the court, bearing date 27th September, 1910, and embodied herein, that the court had previously overruled motions of defendant's counsel to dismiss her motion, and that a new motion to dismiss upon the same grounds could not be entertained by the court on 30th November, 1910." The record discloses that on August 29, the day on which the motion for a new trial was set to be heard by an order granted in term, the respondent made a motion to dismiss the motion for new trial, "upon the ground that no brief

of evidence had been presented for approval by the court." On September 27, another motion was made to dismiss the motion for a new trial. No brief of evidence had been presented for approval, though the original order granted during the May term provided that the movant should present for approval and filing a brief of the evidence on July 23, which was prior to the time at which, in the same order, the hearing of the motion for new trial was set, and the order granted August 1, the time fixed in the original order, provided that the brief of evidence should be presented for approval and filing on August 26, which was prior to the time fixed in this order of August 1 for the hearing on August 29. The order of September 27 continued the hearing of the motion for new trial until November 7, and stated that both of the motions to dismiss the motion for new trial were overruled. Therefore there appears a written order of the court overruling the motions to dismiss the motion for a new trial. During the November term of the court, which was the next term after the passage of the order refusing the motion to dismiss the motion for a new trial, the court was without authority to dismiss the motion for a new trial on the same grounds on which he had passed an order refusing to dismiss it in vacation on the 27th of September. This order of September 27, refusing to dismiss the motion for a new trial, was res adjudicata, and was binding on the court and the parties until set aside. A party "may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." Civil Code (1910), § 10. The failure to file a brief of evidence according to the terms of the order of the court was a matter which the respondent could waive; and if on the dates set for the hearing of the motion for a new trial the respondent had waived the right to take advantage of the effect of the failure of the movant to present for approval and filing a brief of the evidence according to the terms of the order, and a brief of evidence had been approved and filed by consent of the respondent, the latter could not afterwards complain that the brief of evidence had not been presented for approval and filing according to the terms of the previous orders. When the respondent made a motion to dismiss the motion for a new trial because of the failure of the movant to present for approval and filing a brief of the evidence according to the terms of the orders, and this mo-

49

tion was overruled, the failure of the respondent to except to the
order overruling his motion to dismiss the motion for a new trial
would be treated as an acquiescence in the ruling of the court and
as a waiver of the right to insist on the effect of such failure on the
part of the movant. *Obear* v. *Gray,* 73 *Ga.* 455; *Augusta Ry. Co.* v.
*Andrews,* 89 *Ga.* 653 (16 S. E. 203); *Associated Press* v. *United
Press,* 104 *Ga.* 51, 53, 54 (29 S. E. 869); *Walker* v. *Neil,* 117 *Ga.*
733 (45 S. E. 387). Having passed an order overruling the re-
spondent's motion to dismiss the motion for a new trial, the court
could not, at a term of the court occurring thereafter, dismiss the
motion on the same ground on which he had previously passed an
order refusing to dismiss it, while such order was outstanding.
See authorities cited supra; also, *Hawkins* v. *Studdard,* 132 *Ga.*
265 (2) (63 S. E. 852, 131 Am. St. R. 190); *Sims* v. *Ga. Ry. &
El. Co.,* 123 *Ga.* 643 (51 S. E. 573); *Middlebrooks* v. *Middle-
brooks,* 57 *Ga.* 193. Counsel for the respondent [defendant in
error] state in their brief that respondent filed exceptions pen-
dente lite to the refusal of the court to sustain their motion to
dismiss the motion for a new trial; but the question whether or
not the court erred in overruling the motion to dismiss the motion
for a new trial is not brought to this court by the respondent by
main or cross-bill of exceptions, and the question is not before
us for consideration. The court in its order dismissing the mo-
tion for a new trial states: "The court is now convinced that it was
without jurisdiction to pass any of the orders subsequent to the
order dated May 23, 1910." Under the record before us, when the
court passed the orders refusing to dismiss the motion for a new
trial, it certainly had jurisdiction to pass on the motion to dismiss
the motion for a new trial. *Edmonds* v. *State,* 122 *Ga.* 728 (50 S.
E. 936); *McCord* v. *Harden,* 69 *Ga.* 747. On September 27, 1910,
an order was passed granting movant until November 7, 1910, to
complete and present for approval a brief of the evidence. The
bill of exceptions recites that on that day movant filed a brief of
evidence in the clerk's office and presented it to the presiding
judge. This was during the November term of the court, which
was then in session, and the motion stood on the motion docket
until the regular call thereof during that term of the court, when
it was called in its regular order for hearing on the 30th of Novem-
ber. The court therefore evidently did not dismiss the motion for

a new trial because a brief of the evidence was not presented for approval on the 7th of November, but dismissed it because, in his opinion, the failure of the movant to present for approval a brief of the evidence in accordance with orders passed previously to the order of September 27th had deprived the court of jurisdiction to hear the motion for a new trial. Regardless of the question whether the failure of the movant to present for approval a brief of evidence as hereinbefore referred to made it, under the facts, the legal and absolute duty of the court to dismiss or to refuse to dismiss the motion for a new trial, or made it a matter of discretion in the court whether or not it would dismiss the motion for new trial, the court unquestionably had a right to pass on the motion to dismiss the motion for a new trial at the time he passed the order refusing such motion to dismiss. Having jurisdiction to pass on the motion to dismiss the motion for a new trial, and having passed an order refusing such motion, the court was without authority, at a term subsequent to the passage of such order, to dismiss the motion for a new trial on the same grounds on which he had previously passed the order refusing the motion to dismiss.

*Judgment reversed. Beck, J., absent. The other Justices concur.*