AMERICAN FIDELITY CO. *v.* R. L. GINSBURG SONS' CO.

1. JUDGMENT—EQUITY—VACATING JUDGMENT—JURISDICTION.

Where plaintiff failed to secure the relief sought by means of a motion for a new trial, and no new facts are set up in a bill of complaint, a court of equity should not take jurisdiction for the purpose of determining questions already determined on the law side of the court.

2. SAME—NEW TRIAL—AMENDMENT OF DECLARATION—NEWLY-DISCOVERED EVIDENCE.

The denial of plaintiff's motion for a new trial, based upon so-called newly-discovered evidence, also disposed of its motion to amend the declaration, based upon the same facts.

Appeal from Wayne; Van Zile, J. Submitted June 16, 1916. (Docket No. 140.) Decided September 26, 1916.

Bill by the American Fidelity Company against R. L. Ginsburg Sons' Company to set aside a judgment, to restrain an execution, and for an accounting. From a decree dismissing the bill, complainant appeals. Affirmed.

*Oxtoby & Wilkinson,* for complainant.

*Lucking, Helfman, Lucking & Hanlon,* for defendant.

BROOKE, J. On June 28, 1910, plaintiff issued and delivered to the defendant company its manufacturers' employers' liability policy No. E-7712, indemnifying said defendant company against loss occasioned by claims against it by injured employees. The policy contained the following statement:

"No company has canceled or refused to issue any

liability, elevator, or boiler insurance to the insured during the past three years, except as follows: None."

The answer "none" was inserted by the defendant company. On September 8, 1910, plaintiff issued a second policy, No. E-7717, to defendant, which policy contained a similar clause. Between December 28, 1910, and July 14, 1911, plaintiff paid out under this policy $899.97 in indemnities. It is the claim of plaintiff that on July 31, 1911, it learned for the first time that the defendant company had previously been insured by the London Guaranty & Accident Company, Limited, and that this company had canceled its policy with defendant, to take effect June 28, 1910. Plaintiff then notified defendant that it considered the company had committed a breach of warranty, and that the two policies issued by it to defendant were void and of no effect from the beginning, whereupon certain agreements were entered into between the parties, by the terms of which plaintiff paid one-half and defendant one-half of the existing claims against defendant; it being further agreed that the rights and liabilities of the parties should thereafter be adjusted by consent or through litigation, the payments to be made without prejudice to the rights of either party under and by virtue of the policies. Under these agreements the plaintiff paid on account of claims against defendant the sum of $4,355, and the defendant paid the sum of $3,248.50. On June 7, 1912, the plaintiff brought a suit at law against defendant to recover the $4,355 paid by it, and in that suit the defendant set up a counterclaim for the $3,248.50 contributed by it in the settlement of said claims. The issue thus raised in the suit at law came on for trial in the Wayne county court, and after a full hearing thereon a verdict was directed against the plaintiff on its claim, and in favor of the defendant on its counterclaim for $3,248.50, upon which verdict judgment was duly entered.

It is the claim of plaintiff herein that after said judgment had been rendered against it, it learned, on, to wit, November 6, 1913, that defendant had previously been insured by the Empire State Surety Company, which had canceled its policy on July 30, 1909, to take effect on August 4, 1909, at which time defendant took out the policy of the London Guaranty & Accident Company, Limited.

Based upon these alleged facts, it is contended by plaintiff that the representation contained in the two policies in question, to the effect that no company had ever canceled or refused to issue liability insurance to the defendant within three years from the date of said policies, was false and fraudulent. Having acquired said alleged information, plaintiff made a motion for a new trial in the law case, and likewise for leave to amend its declaration so as to permit the introduction of the new evidence regarding the alleged cancellation of the Empire Surety Company policy. The motion for a new trial, when brought on to be heard, was denied, was renewed, and again denied. Plaintiff then appealed to the Supreme Court from the judgment rendered against it in the circuit court, and this court affirmed said judgment (187 Mich. 264 [153 N. W. 709]), and later denied a motion for rehearing.

Having failed in its action at law, plaintiff now files its bill of complaint, setting out at large the proceedings in the action at law, its several motions for new trial, the denial thereof, and the fact that an execution has now been issued against it for the amount of the judgment in the action at law. It prays for a decree vacating and canceling said judgment, and that the defendant, as well as the sheriff of Wayne county, be restrained from levying said execution upon any property of said plaintiff, or otherwise attempting to enforce said judgment. It further prays for a decree canceling its two policies E-7712 and E-7717, and for

an accounting of the moneys paid by it under said policies, and for judgment and execution against the defendant therefor. Upon the filing of said bill a temporary injunction was issued as prayed, plaintiff having given a bond in the penal sum of $7,000, as required by the court. Defendant then moved the court below for an order dissolving said injunction and dismissing the bill of complaint. The motion to dismiss was based upon the averment that all matters touching which relief was prayed in said bill of complaint had been fully litigated in the law action.

In entering a decree dismissing plaintiff's bill of complaint, the court filed a very exhaustive opinion, going at large into the history of the law case, with reference particularly to the two motions for new trial based upon the alleged discovery of another breach of the contract with reference to the cancellation of prior insurance. The reason given by the court for the denial of the motion for new trial was that the plaintiff's agent, Erringer, had knowledge of the fact that the defendant was insured in other companies, and in soliciting the insurance for plaintiff company, he must have had knowledge that in some manner such earlier insurance must be terminated. In denying said motion the court said in part:

"It seems to me that under these circumstances the plaintiff company must have known by its agents and those in charge of its business that the defendant company had carried other insurance, and was carrying other insurance at the time of the solicitation by plaintiff, and that this policy of the Empire State Surety Company had been carried by the Ginsburg Sons' Company, and that by following up the facts through the agents who were here in the city, at least all of the facts that are presented by this motion might have been known.

"For these reasons, the second application for a new trial in this cause is denied."

When the law case came up to this court error was assigned upon the action of the court below upon denying the several motions for new trial. An examination of plaintiff's brief in the law case in this court shows that this alleged error was discussed and relied upon. In affirming the judgment of the court below this question was necessarily passed upon. Under such circumstances, plaintiff having failed to secure the relief sought by means of motion for new trial, and no new facts being set up in the bill of complaint, a court of equity should not take jurisdiction for the purpose of determining questions already determined on the law side of the court. In *Miller* v. *Morse*, 23 Mich. 365, it is said:

"If complainants presented their equities fully on the motion for a new trial, there is no legal justification for presenting the same matters again in this form; if they did not make a full showing then, they give no excuse now for the failure to do so; and in either case this suit is not maintainable."

In *Gray* v. *Barton*, 62 Mich. 186 (28 N. W. 813), this court said:

"It seems to us that the complainant cannot ask, in a court of equity, for a new trial upon the ground of the misconduct of the jury. That matter he has litigated once upon the merits before the proper tribunal, in a court of law, and the decision there made by Judge Montgomery must be considered *res judicata* as far as that question is concerned. It was a matter resting in the discretion of the judge who tried the case. If he abused that discretion, this court was open to the complainant upon proceedings by mandamus to review his action. The complainant did not apply here, and the decision is therefore final. It does not avail him that he was not able to procure at that time all the evidence of the intoxication and unfairness of the jurors that he now possesses. If the question was gone into at all, he is precluded from opening the issue again, and his bill shows that affidavits were submit-

ted, tending to show, and also tending to disprove, the bias and drunkenness alleged. * * * Equity will not relieve a party against a judgment at law on the ground of its being contrary to justice, unless the defendant was ignorant of his defense pending the suit, or facts could not be received as a defense at law, or unless, without any neglect or default on his part, he was prevented by fraud or accident, or the act of the opposite party from availing himself of his defense."

See, also, *Kelleher* v. *Boden*, 55 Mich. 295 (21 N. W. 346); *Valley City Desk Co.* v. *Insurance Co.*, 143 Mich. 468 (106 N. W. 1125), and the case of *Folsom* v. *Ballard*, 70 Fed. 12 (16 C. C. A. 593). In that court, three judges sitting, it was said:

"The motion for a new trial was filed in a law court in apt time, and considered upon its merits and overruled by the court during the term at which it was filed. * * * We are very clear that a bill in equity for a new trial cannot be maintained in such a case. A court of equity possesses no appellate or supervisory power over courts of law. And it is well settled that where a motion for a new trial has been made in the trial court and refused, it cannot be successfully renewed in the form of a bill in equity in a chancery court, on the same grounds."

See, also, *Hendrickson* v. *Bradley*, 85 Fed. 508 (29 C. C. A. 303).

It seems to be the contention of appellant that the trial court in the law action passed only upon plaintiff's motion for a new trial, and, having denied that, he could not, and did not, pass upon plaintiff's motion for leave to amend its declaration. The further contention is that the matter sought to be litigated in the chancery proceeding was therefore not an issue in the law case. Counsel for appellant admits that his fifth ground for the granting of a new trial was so-called newly discovered evidence of the cancellation of the Empire policy. He asserts, however, that although

the trial judge passed upon said ground in denying the motion, it was not a proper reason for the granting of a new trial. The objection is made by counsel for appellant that the trial court did not pass upon and consider its motion to amend. As the amendment sought was simply to set out the facts with relation to the cancellation of the Empire policy, and as the fifth ground for a motion for new trial set up those facts as newly discovered evidence, we are unable to see why, in effect, the denial of the motion for a new trial did not dispose of the application for leave to amend. We have examined with care the authorities cited in support of the position taken by appellant. The general principles of law contended for are not questioned, but, in our opinion, are not applicable to the facts in the case at bar. There would seem to be no escape from a conclusion that every issue raised by the bill of complaint in this case was fully considered and finally determined against plaintiff's contention in the action at law.

The decree dismissing the bill is affirmed, with costs.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON, JJ., concurred.