26962. McKINNEY *et al. v.* DARBY.

Decided November 7, 1938.

*Howell Brooke, Irving S. Nathan,* for plaintiff in error.
*John S. Wood,* contra.

726

STEPHENS, P. J. An attack in a motion for new trial upon a verdict as invalid on the ground that one of the jurors who participated in the verdict had, before the term of the court, been approached by the losing party in an effort to induce the juror to render a favorable verdict, by stating to him that the plaintiff wanted the juror to do him, the plaintiff, good on the trial of the case, "for which favor the juror would not lose anything," is an effort to impeach the verdict; and since, as provided in the Code, § 110-109, the affidavit of a juror will not be taken to impeach the verdict, the court properly rejected the affidavit of the juror when it was offered on a motion for new trial for the purpose of showing an effort by the losing party to influence the juror. *Coleman* v. *State*, 28 *Ga*. 79 (2) ; *Brown* v. *State*, 28 *Ga*. 199 (12) ; *McElven* v. *State*, 30 *Ga*. 869; *Rutland* v. *Hathorn*, 36 *Ga*. 380 (6) ; *O'Barr* v. *Alexander*, 37 *Ga*. 195 (5) ; *Hoye* v. *State*, 39 *Ga*. 718 (4) ; *Fulton County* v. *Phillips*, 91 *Ga*. 65 (16 S. E. 260) ; *Peagler* v. *Huey*, 183 *Ga*. 677 (188 S. E. 906) ; *Etheridge* v. *State*, 43 *Ga. App.* 579 (159 S. E. 747). This being the only evidence offered in support of the contention, the court did not err in rejecting the affidavit, and in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*