27686. McKINNEY et al. v. DARBY.

DECIDED DECEMBER 5, 1939. REHEARING DENIED DECEMBER 18, 1939.

Irving S. Nathan, Howell Brooke, G. Eugene Ivey, for plaintiff in error.

John S. Wood, contra.

STEPHENS, P. J. James Darby, by his father, T. W. Darby, as next friend, filed suit for damages against J. F. McKinney Company, a partnership composed of J. F. McKinney, R. M. Thompson, and Howard McKinney, on account of personal injuries sustained by the alleged negligence of an employee of the defendants in the operation of their automobile. The jury returned a verdict for the plaintiff. The defendants moved for a new trial, which was overruled. To this judgment they excepted. This court, on October 30, 1937, affirmed that judgment. McKinney v. Darby, 56 Ga. App. 621 (193 S. E. 594).

Afterwards, on March 3, 1938, the defendants filed an extraordinary motion for new trial on the grounds that before the trial, T. W. Darby, in a conversation with Carter L. McGhee, whose name was on the jury list for the term of court at which the case was to be tried, stated to McGhee that he [Darby] wanted McGhee to do Darby some good in the event Darby "used" McGhee on the trial of the case, for which favor McGhee would not lose anything, "thereby impliedly offering remuneration;" that McGhee was one of the twelve jurors who "served on the trial;" and that the plain-

tiff, together with his father, before the first trial of the case, called on one of the jurors who later served on the jury at that trial which resulted in a mistrial, and displayed to him for examination the injuries received in the accident out of which the litigation arose. The affidavits of these two jurors, reciting the above-stated facts, were attached to the motion, together with the necessary affidavits as to the reputation of these two jurors for truth and veracity. The motion contained the necessary allegations as to diligence of the defendants and their counsel. This motion was amended by an allegation that the grand jury had indicted T. W. Darby for his action in approaching the jurors as alleged in the original motion. The court overruled the motion on the ground that it was based solely on the affidavit of a juror alleged to have been approached, and that a juror can not impeach his verdict. The defendants excepted, and this court affirmed that judgment. *McKinney* v. *Darby,* 58 *Ga. App.* 725 (199 S. E. 649).

Thereafter, on January 27, 1939, the defendants made a second extraordinary motion for new trial on the ground that T. W. Darby approached McGhee, whose name was on the jury list at the term of court at which this case was tried, and had a conversation with McGhee, and stated that if McGhee would give him (Darby) a fair deal and do him right and would not make any difference between the plaintiff and the defendants that he would always be a good friend of McGhee, and that when Darby and McGhee finished their conversation they shook hands. There was attached to this motion, in addition to the affidavit of the juror that he had served on the jury during the case, affidavits supporting the alleged ground of the motion, together with affidavits of one of the parties defendant and their attorneys as to diligence etc. There was attached the affidavit of Clarence Hensley to the effect that he was riding in an automobile with T. W. Darby and affiant's father, and as the automobile approached the store and home of McGhee it was remarked that there was where McGhee lived and he was on the jury for the next week; that Darby said that he had better stop and see McGhee about this case; that they then drove up to McGhee's store, and Darby got out and he and McGhee talked within a few feet of affiant and his father; that Darby asked McGhee if he was on the jury, and McGhee said he was; that Darby told McGhee he had a case coming up next week against McKinney, and wanted to know

if McGhee, if he was taken on the jury, would give him a fair deal and do him right, and Darby told McGhee that if McGhee would not make any difference between them and would do him right that he would always be a good friend to him; that when they got through talking they shook hands, and that affiant did not hear the entire conversation.

The plaintiff moved to dismiss this extraordinary motion on the grounds, first, that the defendants had no legal right to prosecute a second extraordinary motion for new trial; second, that the first extraordinary motion "was based upon the same matters and things as that upon which this extraordinary motion is based, and that all of the allegations set forth in the present extraordinary motion attacking the misconduct of . . T. W. Darby were alleged in" the first extraordinary motion, "and all of the evidence submitted on behalf of said defendants in support of this extraordinary motion was pertinent and should have been urged in support of the" first extraordinary motion; third, that the allegations of misconduct charged against Darby in this extraordinary motion, and the issues thus recited, had been previously and finally adjudicated by this court and affirmed by the Court of Appeals adversely to the defendants in the first extraordinary motion; which first extraordinary motion "was between the same parties, for the same cause of action and alleging the same misconduct as that set forth in the present extraordinary motion for new trial;" fourth, that there was no good and sufficient reason alleged in this extraordinary motion for new trial "why the evidence attached in support thereof could not have been and was not produced and offered in support" of the first extraordinary motion, which was based on the same contentions of alleged misconduct on the part of Darby as that forming the basis of the second extraordinary motion; fifth, that the evidence offered in support of the second extraordinary motion was merely cumulative of the allegations and evidence in support of the first extraordinary motion, and did not relate to any new or material facts which have been discovered since the filing of the first extraordinary motion; sixth, that the allegations, and evidence in support thereof, of the second extraordinary motion were insufficient in law to form the basis of an extraordinary motion for new trial, and to require the setting aside of a verdict rendered in the case almost two years ago; seventh, that the plaintiffs had not

had sufficient legal notice of the filing of the second extraordinary motion or of the order nisi granted thereon. The trial judge sustained this motion to dismiss the extraordinary motion and to this judgment the defendants excepted.

The second extraordinary motion for new trial, the one involved here, is based on the same conduct on the part of the plaintiff's father in approaching the juror McGhee and holding a conversation with him as was alleged in the former extraordinary motion for new trial, but is here supported by the affidavit of a disinterested party who overheard this conversation between them. The grounds in both motions as to this matter are the same, and are based upon the same conduct.—the same transaction. On the hearing of the former motion the grounds were supported only by the affidavit of the juror himself, while in the one now before the court the grounds are supported by the affidavit of a person other than the juror. The corruption or attempted corruption of the same juror by reason of the same transaction is involved in both motions, the latter motion being entirely predicated thereon. The fact that in the former motion the defendants used the affidavit of the juror himself as to this conversation, whereas in the case at bar the defendants offer the affidavit of another person, not a juror, who heard this conversation between the plaintiff's father and the juror, does not prevent the grounds involved from being identical.

The denial of a motion for new trial based on stated grounds is a bar to another and extraordinary motion for new trial based on the same grounds. Trumbull v. Harris, 114 Ark. 493 (170 S. W. 222); Collins v. Butler, 14 Cal. 223; Curry v. Swett, 13 R. I. 476; Metzger v. Wendler, 35 Tex. 378; Ison v. Buskirk-Rutledge Lumber Co., 205 Ky. 583 (266 S. W. 243); American Fidelity Co. v. R. L. Ginsburg Sons' Co., 192 Mich. 693 (159 N. W. 365). A motion for new trial, or a petition to review and set aside a former judgment, can not be entertained if it is based on grounds which were presented and passed on in a former motion for new trial in a case in which such grounds were adjudicated by the order on the former motion. See *Doyle* v. *Donovan,* 76 *Ga.* 44; *Obear* v. *Gray,* 73 *Ga.* 455; *Pittsburgh Plate Glass Co.* v. *Maril,* 21 *Ga. App.* 682 (94 S. E. 903); *Leathers* v. *Leathers,* 138 *Ga.* 740 (76 S. E. 44); *Hunt* v. *Travelers Ins. Co.,* 136 *Ga.* 766 (72 S. E. 32). See also *Perry* v. *Gunby,* 42 *Ga.* 41.

The judgment on the former extraordinary motion is res judicata of the grounds of the present extraordinary motion. The judge to whom the extraordinary motion in this case was presented did not err in sustaining the motion to dismiss the extraordinary motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*