.MOORE *vs.* ROSSER.

1. This court will not interfere with the first grant of a new trial, unless the presiding judge abused his discretion therein.
2. Where a verdict was rendered for the defendant and a motion for a new trial was made, his consent to the order taken in term to allow the motion for new trial to be presented in vacation, together with the brief of the oral and copy of the documentary evi-

dence for the approval of the court, will be presumed from the fact that he was present and assisted in making up the motion and agreed to the brief, as well as from his assent, after this had been done, to the postponement of the hearing to a future day, and from the fact that at no stage of the proceedings did he move to dismiss the motion because it was not made and filed at the term of the court when the trial was had. His failure to object amounts to a waiver. At all events, no such question was made in the superior court, and there is no decision of the point which this court is authorized to review, the only error assigned in the bill of exceptions being that the court erred in granting a new trial because such judgment "is contrary to law, equity and the evidence."

April 20, 1886.

New Trial. Waiver. Practice in Superior Court. Practice in Supreme Court. Before Judge STEWART. Rockdale Superior Court. August Term, 1885.

E. B. Rosser brought ejectment against John W. Moore to recover 66 acres of land. The defendant pleaded the general issue, and that he was in possession of only the north half of the land, the balance being in the possession of one F. M. Wilson, who married his brother's widow. The trial was had at the February term, 1885. One question in issue was as to the delivery of a certain deed which formed a link in the plaintiff's chain of title. No verdict appears in the record. In the bill of exceptions it is stated that the verdict was as follows:

"We, the jury, find for the plaintiff one-half undivided interest in the premises in dispute."

The plaintiff, desiring to move for a new trial, took the following order:

"The plaintiff in said cause, being dissatisfied with said verdict, and wishing to make a motion to set the same aside, and asks time in which to make the same and prepare the brief of evidence and get up the newly discovered evidence, it is ordered by the court that the plaintiff have until the third Monday in March to make said motion, prepare the brief of evidence and get up the newly discovered evidence, and that said motion be heard at Newton superior court on said third Monday in March. It is further ordered that, in the event

said motion cannot be heard, the same go over and be heard at the next term of this court, party plaintiffs and defendants consenting.''

One of the grounds of the motion was because of newly discovered evidence to show the delivery of the deed, and another, because the verdict was contrary to law and evidence.

On March 16, the judge approved the brief of evidence in the following language :

"The brief of evidence, etc., having been perfected, approved and ordered filed, and the motion for new tria prepared and granted, by consent of counsel it is ordered that said motion for new trial shall be heard within thirty days, at such time and place as may be designated by the court or presiding judge in said cause, he giving to said plaintiff's and defendant's counsel reasonable notice of said time and place of said hearing.   Newton superior court, March 16, 1885.''

Service of the motion was acknowledged on March 16. On April 13, the presiding judge passed an order granting the new trial.   The papers were filed on May 5, 1885. At the succeeding term of court, the judge passed the following order :

" It being made to appear to the court that the within motion was considered in vacation and a new trial granted April 13th, 1885; it being made further to appear to the court that the respondent has not been served with notice of said hearing, as required by the order of the court, and agreement of the parties before said hearing, it is, therefore, ordered by the court that said order granting a new trial be annulled, vacated and set aside; and it is further ordered by the court, after hearing the within motion at this term of said court, that the new trial be granted.   August 22, 1885.''

The defendant excepted, and assigned error because the granting of a new trial was contrary to law, equity and the evidence.

A. C. McCalla, by brief, for plaintiff in error.

J. N. Glenn, for defendant.

Hall, Justice.

1. This was the first grant of a new trial, and we find our-

selves unable to control the discretion of the court in ordering it, as there appears to have been no abuse of such discretion in so doing.   The issue was made upon the delivery of the deed to the grantee, under which the plaintiff in ejectment claims title.   There was certainly some evidence that it was delivered, which is much strengthened by the newly discovered evidence set forth in the motion. It is somewhat uncertain, too, under the state of the pleadings, what portion of the tract the jury found for the plaintiff, whether it was one-half or one-fourth of the entire premises in dispute.   What is left in doubt by the trial already had will probably be rendered clearer on another hearing, which, in the opinion of the judge, justice to the parties required.

2. The consent of the defendant to the order taken in term to present the motion for a new trial in vacation, together with the brief of the oral and copy of the documentary evidence for approval of the court, will be assumed, from the fact that he was present and assisted in making up the motion and agreed to the brief, as well as from his assent, after this had been done, to the postponement of the hearing to a future day, of which the judge was to give both parties notice.   That the judge proceeded to hear and determine the case without giving the notice, makes no difference, since, at the succeeding term of the court, he set aside that judgment, and heard the case when both parties were present, and on that hearing set the verdict aside and ordered a new trial.   Neither then, nor at any previous stage of the proceeding, did he move to dismiss the application because the motion was not made and filed at the term of the court when the trial was had.   His failure to object amounts to a waiver; at all events, no such question was made and determined by the superior court, and consequently there is no decision of the point which we are authorized to review.   The only error which the bill of exceptions assigns to the judgment ordering a

new trial is, that it is " contrary to law, equity and the evidence." For the reasons given, we think this assignment insufficient.

Judgment affirmed.