### THE PLANTERS' AND MINERS' BANK *v.* HUDGINS

1. The condemnation money for which the surety on appeal is liable, is that which is recovered in the case on the appeal trial. If, by reason of injunction, death or other cause, no trial of the case is or can be had as to the appellant, the surety is not subject for a breach of his bond. He is liable only upon a judgment rendered against the principal or his representative in the case in which the appeal was entered.
2. If, after the death of the appellant and the discharge of his executrix, the plaintiff will not accept a continuance to have the appellant's estate represented, and the representative made a party, the court may dismiss the case on motion of counsel representing the surety on appeal.

December 9, 1889.

Appeal. Bonds. Principal and surety. Parties. Continuance. Practice. Before Judge MILNER. Bartow superior court. January term, 1889.

The Planters' and Miners' Bank sued Abda Johnson upon a promissory note in a magistrate's court, and obtained judgment. Johnson appealed to the superior court on December 21, 1880, and gave an appeal bond with A. R. Hudgins as security. At the January term, 1889, of the superior court, the case came on to be heard. Plaintiff moved the court to allow an amendment to the effect that Abda Johnson was dead; that F. T. Johnson was appointed as his executrix, and filed her bill to marshal assets, in which case plaintiff ap-

peared and proved his claim and got a report made the
judgment of said superior court establishing this claim
against the estate of Johnson; that the executrix was
thereupon discharged, and Johnson's estate is insolvent;
wherefore plaintiff prayed to proceed against the secu-
rity on appeal bond, and for judgment. This amend-
ment the court refused to allow, and the plaintiff ex-
cepted. It then moved for the following order, which
the court granted: "A. Johnson being dead, it is or-
dered that his death be suggested of record." Plain-
tiff's attorney stated in his place (and the statement
was accepted and uncontroverted) that Abda Johnson
had died insolvent since the entering of the appeal;
that plaintiff was perpetually enjoined from proceeding
in this case only against the representative of his es-
tate, in a bill filed by his executrix to marshal all the
assets of said estate; that in that bill, to which plain-
tiff was a party, plaintiff had obtained a decree against
the estate for the full amount involved in this case,
from which decree nothing had been nor could be real-
ized; that Hudgins was not a party to said bill; and
that the object of plaintiff in this case was to obtain
judgment against the security on the appeal bond. In
response to a question of the court, at the request of
plaintiff's attorney, to the attorneys appearing for the
defence, they announced that they appeared as repre-
senting Hudgins and resisted the efforts of plaintiff's
attorney; and upon their motion as attorneys for Hud-
gins, the court, over plaintiff's objection, passed an
order, reciting that the appeal case had been set on the
board, under the special rules of the court, more than
three days prior to the date of this order, and had been
reached in its turn for trial, and an order had been
granted at the instance of counsel for plaintiff, suggest-
ing the death of defendant; and counsel for plaintiff
announcing ready for trial, and there being no party

defendant in the case, and counsel for defendant having moved to dismiss the case because plaintiff had made no efforts to make a party defendant in lieu of Johnson, and the court offering to postpone the case for one term to give plaintiff the time to make parties, and counsel for plaintiff declining this offer, and stating in his place that plaintiff was perpetually enjoined in the bill filed by Johnson's executrix (in which bill plaintiff obtained a final decree against the estate of Johnson for the debt sued on in this case) from proceeding against the representative of Johnson's estate in this case,—it was ordered that the motion to dismiss the whole case for want of a party defendant be sustained, etc.   To this order also the plaintiff excepted.

JOHN W. AKIN, for plaintiff.

ALBERT S. JOHNSON, for defendant.

BLECKLEY, Chief Justice.

1. The obligation of a security on an appeal bond is for "the eventual condemnation money." Code, §3616. He is bound "for the judgment on the appeal." Code, §3621. The eventual condemnation money is that which is recovered in the identical case in which the appeal is taken. *Lockwood* v. *Saffold*, 1 *Ga.* 72. The judgment for which he is bound is therefore a judgment to be rendered in that case. Without a recovery against the principal or his legal representative, there can be none against him. The opposite party cannot make a judgment in his favor obtained in another court, or in another suit, though on the same debt or demand, the measure of the liability of the security on appeal. The latter is entitled to stand upon the terms of his contract, and they obligate him to abide the judgment after its rendition in the specific case in which the appeal was entered, and not the judgment rendered in some other case. If for any cause the opposite party cannot or will

not bring that case to a final hearing and disposition so as to recover in the same some amount as condemnation money, it is his misfortune; for there is no such thing as obtaining judgment against the security on the appeal bond without first or simultaneously obtaining judgment in that identical case against the principal or his representative. Here the plaintiff thought proper, because he was enjoined from proceeding in this action at law, to carry his demand before a court of equity and have it there allowed. Doubtless that court, if he had applied to it for leave and shown cause, would have granted him permission to prosecute this case for the purpose of fixing the condemnation money to be recovered therein. But whether it would or not makes no difference as to the liability of the security. He, as we have already said, was entitled to stand upon his con tract. *Odell* v. *Wootten*, 38 *Ga.* 224.

2. There was no error in dismissing the case at the instance of counsel representing Hudgins, the security on appeal, as the plaintiff declined to accept a continuance to give opportunity for having the estate of the deceased appellant represented and for making such representative a party to the action.

<div align="right">

*Judgment affirmed.*