THE AUGUSTA RAILWAY COMPANY *v.* ANDREWS.

1. Where the court entertains a motion for a new trial and renders judgment denying a new trial, the presumption is that the denial is an overruling of the grounds stated in the motion, and was not influenced by matters of mere practice, such as the time of filing the brief of evidence, etc.  Any point of practice raised by the respondent fatal to the motion should be presented by a motion to dismiss the application for a new trial, and if not so presented, will be considered as waived.  If so presented and overruled, and the judgment overruling it is not excepted to, this also will be a waiver.  *Obear* v. *Gray*, 73 *Ga.* 455.

2. The plaintiff's declaration as amended, not alleging that he had permission from the owner of the electric system on which he had entered at the time he was injured, to come in contact with its wires or to climb its pole in the prosecution of his business for another company, or that the defendant knew of his presence at the scene of the injury, which was up in the air, some 23 feet or more from the ground, the declaration set forth no cause of action, and a general demurrer thereto should have been sustained.

3. As the court should have sustained the demurrer, all the subsequent proceedings were erroneous.

May 25, 1892.

New trial.  Practice.  Electric wires.  Master and servant.  Before Judge EVE.  City court of Richmond county.  May term, 1891.

Action by Andrews against the railway company, for damages from personal injuries.  He obtained a verdict; the defendant's motion for a new trial was overruled, and it excepted.  It excepted also to the overruling of its demurrer to the declaration, the material allegations of which are stated in the opinion.

J. S. & W. T. DAVIDSON, for plaintiff in error.
TWIGGS & VERDERY, *contra.*

SIMMONS, Justice.

According to the declaration, there was in the city of Augusta, at the time of the alleged injury, a system of electric wires operated by the defendant, the Augusta Railway Company; there was also another system, consisting of the fire-alarm wires of the Augusta Fire Department; and the plaintiff was employed in putting up wires for a third, that of a telephone company. In stringing the wires on the poles, it became necessary at a certain point for the plaintiff to place the telephone wire above and across the fire-alarm wire, and for that purpose he ascended a pole of the fire-alarm system, to the height of the wire, and while attempting to place the telephone wire over and across the fire-alarm wire, received from the latter a shock which caused him to fall to the ground, a distance of some twenty-three feet; by which means he was seriously injured. He charges that his injuries "were caused solely by the carelessness of the defendant company in so negligently constructing, using and operating what is known as its 'feed-wire' . . as to permit and allow the same to come in contact with said fire-alarm wire, at the intersection of" two named streets of the city; "and negligently and carelessly failing to separate and keep separated at a safe and proper distance its said feed-wire and said fire-alarm wire at the time and point indicated"; "that there was being transmitted over said feed-wire at the time petitioner received said injuries a powerful and deadly current of electricity used to propel the cars of the defendant, which current was carried over said fire-alarm wire from said point of contact to the place where petitioner was working as aforesaid, and thence into and through his body"; and that the "fact of contact of said feed-wire and said fire-alarm wire was known, or by proper diligence might have been known to the defendant." The declaration was

demurred to on several grounds, one of which was that it set out no legal cause of action. The demurrer was overruled, and the defendant excepted.

Whether, so far as concerned the safety of the public who pass along the streets and under the wires, it was the duty of the railway company or of those in charge of the fire-alarm system, or of both, to place guard-wires under and over their electric wires, to prevent contact, it is unnecessary now to decide. Under the facts alleged, we are clear that the plaintiff was not entitled to recover. He does not allege any fact going to show that the defendant company was under any duty or obligation to protect him at the time or place of the injury. He does not allege that he had permission from those operating or in charge of the fire-alarm system to climb its poles in the prosecution of his business. Without permission and without notice even, so far as appears from this declaration, he climbed the pole and became a trespasser upon the fire-alarm system. He had no right to go upon the pole without permission; and when he did so, he took the risk incident to the trespass. If he had obtained permission from those in charge of the fire-alarm system to climb their poles to carry on his business, he would have been in a position somewhat analogous to that of a servant of the licensors, and if, while acting in pursuance of the license, he had been injured by the negligence of the railway company, he might be entitled to recover. Or if he had been upon the street, or in any place where he had a known right to be, and had been injured by the negligence of the railway company, he would be entitled to recover. Whatever may be the reciprocal duties of electric companies between themselves, as to guard-wires, etc., each must see to it, up to the measure of full diligence, that the public is protected upon the streets from the danger of contact with its wires when

charged with the deadly electric fluid. If a person, however, leaves his proper place in the street or highway, and climbs a pole twenty-three feet high which supports an electric wire, taking with him a wire to throw across the one on the pole, and does this without permission from the company whose system he has thus entered upon, and by reason of the contact of that company's wire with the "feed" wire of another company is injured, he cannot recover from either company. If the plaintiff had given the railway company notice that he was going up the pole, or if it had reasonable grounds to believe that he was on the pole, and it had known or ought to have known that its wire was in contact with the other wire, it might be liable to him for injuries received by him on account of its negligence. But the plaintiff does not allege that the defendant had notice of his being on the pole, or that it had any grounds for believing that he would be on the pole. We therefore think that, in any view of the case, the court should have sustained the general demurrer and dismissed the action.

As the court should have sustained the demurrer, all the subsequent proceedings were erroneous, and it is not necessary to discuss them.

The rule of practice in relation to motions for new trial before the trial court is sufficiently set out in the first head-note.                    *Judgment reversed.*