## HILT v. YOUNG.

It is essential to the validity of a motion for a new trial that it should be filed with the clerk of the trial court within the time prescribed by law; and a motion which has not been so filed should be dismissed, notwithstanding the judge before whom the case is tried may have granted a rule nisi during the term and within the time fixed by law for filing the motion. And this is true

although counsel for the respondent may have consented to a continuance of the hearing of the motion, the same having been made returnable in vacation.

Submitted November 18,— Decided December 11, 1902.

Motion for a new trial. Before Judge Harris. Heard superior court. June 19, 1902.

*F. S. Loftin,* for plaintiff. *D. J. Gaffney,* for defendant.

COBB, J. Complaint is made that the court erred in refusing to dismiss a motion for a new trial. It appears that the case was tried at a regular term of the superior court, and resulted in a verdict in favor of the plaintiff. The defendant prepared a motion for a new trial and presented the same to the presiding judge during the term at which the trial was had, and a rule nisi was issued thereon, returnable in vacation, and the movant was given until the final hearing to file a brief of the evidence, with the right to amend the motion for a new trial on or before the final hearing. The hearing was continued from time to time, one of the continuances appearing to have been by consent. When the motion came on to be finally heard, which was more than nine months after the trial, counsel for the plaintiff moved to dismiss the motion because it had never been filed in the clerk's office. The court overruled this motion, and passed an order granting a new trial.

Prior to the act of 1889 the code provided that all applications for new trials, except in extraordinary cases, must be *made* during the term at which the trial was had, but might be heard, determined, and returned in vacation. Code of 1882, § 3719. By the act of 1889 this section was amended so as to provide that when the term continues longer than thirty days the application shall be *filed* within thirty days from the trial. Civil Code, § 5484. If the case falls within the provisions of the act of 1889, it is clear that the motion for new trial must be *filed* not only during the term but within thirty days from the date of the trial. There is only one way in which to file a paper in the superior court, and that is, by depositing it with the clerk, who is the legal custodian of the paper. *New England Mortgage Co.* v. *Collins,* 115 *Ga.* 104. It is not necessary that the judge should take any action whatever upon a motion for a new trial filed under the provisions of the act of 1889 before the same is filed, but it should be deposited with the clerk subject to approval by the judge. *New England Mort-*

*gage Co.* v. *Collins,* supra. It is the actual filing of the motion in the clerk's office which gives it vitality, and when this is done the motion becomes a valid and subsisting motion and remains so until the final hearing. See *Central Railroad Co.* v. *Pool,* 95 *Ga.* 410. It is arguéd, however, that the statute provides that if the term does not continue longer than thirty days, then the motion must be *made* during the term, and that it is not necessary that the motion should be actually filed in the clerk's office. The word *made,* as used in the statute, is synonymous with *filed.* The General Assembly evidently so construed it when the act of 1889 was passed amending the code provision, and this interpretation is entitled to some weight. To construe the word *made* as meaning simply to prepare and present to the judge would result in a construction of the section of the Civil Code which would require that when the term does not continue longer than thirty days the motion for a new trial need not be filed at all, but must simply be presented to the judge, and that when the term continues longer than thirty days the motion must be filed in the clerk's office. There could be no possible reason for a distinction of this sort, and it should not be drawn unless the language of the statute absolutely demands it. We do not think it does, but are of opinion that the word *made* was intended to include preparation and filing, and that the motion can not have any vitality as such until it is actually filed with the custodian upon whom the law casts the duty of receiving it.

*Barrett* v. *Devine,* 60 *Ga.* 632, is an analogous case and one very closely in point. Prior to the Code of 1895 the law provided that writs of certiorari should be allowed and *brought* within three months after the rendition of the judgment sought to be reversed. See Codes of 1873 and 1882, § 2920. It was held in the case cited that a writ of certiorari was not "brought," within the meaning of the law, until it was filed in the clerk's office, and that inasmuch as the certiorari in that case, although prepared and sanctioned by the judge in time, was not filed until after the expiration of three months, it should have been dismissed. A motion for a new trial is no more *made* before it is filed than a certiorari was *brought,* filing being as indispensable in the one case as in the other. The fact that the judge granted a rule nisi on the motion would not, of course, make any difference. This could have been done before the

motion was filed, if it had been presented to the judge during the term, but would certainly not have dispensed with the necessity of filing the motion after the rule was issued. And if the motion was presented to the judge after the expiration of the term and before it was filed, the mere fact that the judge erroneously took jurisdiction of the motion would certainly not give it vitality. It is true that in *Wynne* v. *Stevens,* 101 *Ga.* 808, Mr. Presiding Justice Lumpkin says that presenting a petition for the foreclosure of a mortgage "to the judge was equivalent to a filing of it in court, and the fact that he took official action upon it is itself evidence of such filing. The clerk's entry was also evidence, but it was not the exclusive method of proving the fact of filing." It appeared in that case that the petition was actually filed and an entry of filing made by the clerk thereon three days after the rule nisi was issued; and it was ruled that it was not necessary that the petition should have been filed before the rule was issued, both having been done at the same term of court. It thus appears that the language above quoted was obiter, and upon mature consideration we are satisfied that it does not state the correct rule. If the fact that the judge grants a rule nisi on a petition or a motion for a new trial is to be treated as conclusive evidence that the pleading has been filed, then it follows necessarily that taking such official action by the judge would dispense altogether with the necessity of an actual filing; and we do not now think this can be done. The law says the paper must be filed, and it is not within the power of the judge to dispense with the necessity of compliance with this law. It would be a very loose practice to allow the counsel for the losing party in a case to present to the judge a motion for a new trial, obtain a rule nisi thereon, procure an acknowledgment of service, and then constitute himself or his client the custodian of the paper until the motion was finally disposed of. Such a practice as this ought not to be allowed unless there is express law authorizing it. Nor do we think that the filing of the motion was waived by the consent of the respondent to a continuance. The failure of the movant to file a brief of the evidence in due time may be waived by the respondent's failure to move to dismiss the motion at the hearing. *Cook* v. *Childers,* 94 *Ga.* 718. And entering an agreement on the brief and signing the same and filing it at the request of counsel for the movant will operate as a waiver of the failure

to file it within the time fixed by an order of court previously granted. *Moxley* v. *Kinloch,* 80 *Ga.* 46. We are not aware of any decision of this court holding that the filing of a brief of evidence may be altogether waived by the respondent. In all the cases we have examined the brief was actually filed, or something done which was held to be the equivalent of a filing, before the hearing, though this was done in some of the cases after the time required by law or fixed by the order of court for filing the brief.

But conceding that the filing of a brief of evidence can be altogether waived, a brief of evidence stands on a different footing from the motion itself. Until the motion is filed it is a mere private paper. After it is filed it becomes a public document surrounded with all the sanctity which the law throws around such papers. The requirement that a motion for a new trial shall be deposited with the clerk, so that it may be put upon record and be subject to examination, is one in which others than the litigants may be interested. The judgment under review may be one affecting title to property. One having no notice of the pendency of the motion might purchase the execution and suffer loss thereby. It is really a matter of public concern, and any one likely to be affected, directly or indirectly, by the judgment or the conduct of the parties thereto is entitled to know, not only that a motion is pending, but also upon what grounds the movant claims the right to a new trial. It is for obvious reasons contrary to a sound public policy to allow the parties or their counsel to be the only recognized custodian of the papers and files relating to the cases in which they are interested. A person may waive a thing which is for his benefit alone, but he can not waive a requirement of the law in which the public also is interested. Pol. Code, § 10. The decision in *Duggar* v. *Railroad Co.,* 85 *Ga.* 437, does not conflict with the ruling now made. It was ruled in the headnote that a rule nisi taken by consent of both parties at an adjourned term of the superior court, on a motion for a new trial made in the interval between the regular term when the verdict was rendered and the adjourned term, cures an omission to sign the motion, and the irregularity in the time of making it. It appears that the case was tried on September 6, during a regular term of the superior court. This term was adjourned to the 12th of September, and again until the 30th. During the interval between the 6th and the 30th the mo-

tion was prepared, but it was filed in the clerk's office on the 30th, during the adjourned term, and on that date the brief of evidence was approved and a rule nisi granted, by consent, requiring the respondent to show cause at the next term of court. At this term a motion was made to dismiss the motion for a new trial, because it was *made* in vacation and not during a regular term of the court; the word *made* being evidently used in the sense of written out or prepared. As will have been noticed, the motion was actually filed at the term at which the case was tried and within thirty days from the date of the verdict, for the adjourned term was for all purposes but a continuation of the regular term. It would seem to be immaterial when the motion was written out or prepared, if it was filed in office within the time required by law, and this was done. The decision therefore is to be construed simply as ruling that it would have been more regular to prepare the motion during term, and that the consent to the granting of a rule nisi on September 30th waived this irregularity. Without regard to whether the ruling was correct in holding this to be an irregularity, the decision does not conflict with the ruling now made. The intimation in *Moore* v. *Rosser*, 76 *Ga.* 329, that the respondent in a motion for a new trial might, by agreeing to a brief of evidence and consenting to a postponement of the hearing, waive the failure of the movant to file the motion during the term at which the case was tried, was merely obiter, as the question was not involved in that case. It is, to say the least, exceedingly doubtful whether an express waiver could operate to dispense with the necessity of filing the motion within the time required by law; but no waiver will be implied from a mere consent to a postponement of the hearing.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*