## 1075.   JOHNSON *v.* ROME RAILWAY AND LIGHT CO.

The petition set out a cause of action, and the court erred in dismissing it on general demurrer.

Action for damages, from city court of Floyd county. February 27, 1908.

Argued May 5,—Decided September 28, 1908.

This case arises upon the court's sustaining a demurrer to the plaintiff's petition, which in substance alleged as follows: The de-

fendant was engaged in transmitting electric light and power, and for that purpose had wires strung along the streets of the city of Rome. One of the wires thus used for the transmission of electricity was strung around the corner of Second avenue and East Fourteenth street, and had been covered with insulated wrappings. By the pressure of a limb of a tree, the insulation had been worn off for two or more weeks at the time of the injury mentioned in the petition. The wire had been caught under the limb of this tree and was stretched downward thereby. The plaintiff, as a helper to one Ben Lumpkin, had been employed to trim the trees along this portion of the street, and, while trimming this particular tree, the limb against which the wire was pressed released the wire, and it flew up and struck the plaintiff on the hand. The wire was heavily charged with electricity and the plaintiff, in addition to being shocked, was knocked out of the tree to the ground, a distance of thirty-five feet, and thereby sustained enumerated injuries. The plaintiff alleged his own ignorance of the condition and dangerous character of the wire. The following ordinance of the city of Rome was set forth in his petition: "All electric-light and power wires must be fastened to insulated tie wires; the use of uninsulated tie wires is prohibited; all the wires must have an insulation equal to that of the conducting wire. Wires must be tightly stretched and never allowed to sag to such an extent as to be capable of coming in contact with each other, with signs, or neighboring objects." Likewise an ordinance of said city was set forth as follows: "Be it ordained that it shall be unlawful for any person or persons to chop, skin, cut, mutilate any shade-tree on the sidewalks or streets in the city of Rome, or to cut therefrom any limb, or drive any nails or spikes or other substance into said trees, or to attach, fix, or fasten any wire or cable, or anything else, to any tree, or in any manner interfere with the same; and any person violating this ordinance, upon conviction of the same, shall be fined not more than one hundred dollars, or sentenced to work on the streets of the city not longer than thirty days; provided, that any person desiring to cut or trim any shade-tree on the sidewalks or streets of the city may make application to the chairman of the street committee for a permit; and if the chairman of the street committee shall decide that it is necessary to trim or cut the trees

or tree mentioned in said application, he may grant the same, stating in the permit how it shall be done, and that said work must be done under the supervision of the street overseer." He further alleged, that in pursuance of this last-mentioned ordinance Ben Lumpkin, the man by whom he had been employed, had made application to trim this tree, and that the following permit had been granted: "Rome, Ga., Jan. 15, 1907. This permit authorizes Ben Lumpkin to perform, according to city ordinances, the following named work: cut limbs off of trees on Second avenue in front of Dr. Harbin's and others. This permit is to be approved by chairman of street committee before work is done. At No. ........on............(street or avenue), the said number being the place of business or residence of.......................... This permit must be delivered to the city sanitary inspector, who must be present when said work is done. J. R. Cantrell, City Clerk. Permission: F. J. Kane, Chairman St. Com." The plaintiff further alleged that this permit was printed on a plumber's permit blank, and, by reason of the form on which it was printed, the work was erroneously directed to be done under the supervision of the city sanitary inspector, instead of the street overseer. The defendant is charged with being negligent in allowing the wire to run against the tree, in allowing it to remain there, in allowing the insulation to be rubbed off, and in failing to inspect, discover, and remedy such condition; also it is charged that the wire was not tightly stretched, but sagged and hung against said tree, in violation of the ordinance mentioned above, and that it was negligent in permitting contact between the live wire and the tree, in violation of said ordinance.

*Seaborn & Barry Wright,* for plaintiff.

*Dean & Dean,* for defendant.

POWELL, J. (After stating the facts.)

If the defendant was rightfully in the tree, the petition sets forth a cause of action. *Atlanta Consolidated Street Ry. Co.* v. *Owings,* 97 *Ga.* 663 (25 S. E. 377, 33 L. R. A. 498). Compare *Augusta Railway Co.* v. *Andrews,* 89 *Ga.* 653 (16 S. E. 203). The contention of the electric company is that the plaintiff was in the tree, attempting to trim it, without first complying with the city ordinance, which he himself sets up in his petition. This tree was not the property of the electric company; therefore, the plain-

tiff was not a trespasser upon its premises; and those decisions which define the relative duties existing between landowners or similar proprietors and trespassers upon their premises are not immediately in point. On the other hand, if the plaintiff, at the time of the injury, was himself engaged in an unlawful act, and this was the proximate, contributing cause of his injury, he should not recover; provided the particular phase of his conduct in which the unlawfulness consisted was an act of which the defendant had a right to complain, either by reason of the fact that it breached some duty which the plaintiff as a fellow citizen owed to the defendant, or because the plaintiff placed himself within the range of the defendant's dangerous instrumentality in a manner which the defendant could not reasonably have anticipated. See *Platt v. So. Photo Material Co.*, ante, 164 (60 S. E. 1068). The mere fact that the defendant is doing some criminal act at the time he is injured will not necessarily, as a matter of law, prevent a recovery from a defendant by whose negligence he has been injured. This rule is well settled. But looking to the question as to whether the plaintiff was in the tree in violation of law, we can not say that he was. The ordinance of the city clearly contemplates that such persons as obtained permission from the chairman of the street committee might lawfully trim or cut shade trees in the city; and, of course, permission to a principal would be sufficient authority for all agents or helpers working under his supervision. It is true that the ordinance directs that the chairman of the street committee shall state, in the permit, how the work is to be done, and shall direct that it be done under the supervision of the street overseer; but we think that these provisions of the ordinance are merely directory, and that a person who has obtained the permission of the chairman of the street committee could not be convicted of a violation of the ordinance, even though that official omitted to state therein the details referred to. In the present instance the formal permit is written upon a plumber's blank, and is signed by the city clerk; but, by his endorsement thereon, the chairman of the street committee has also expressed his permission. But even if under this permit the presence of the city sanitary inspector was necessary while the work was in progress, this requirement was in no wise for the benefit of the defendant, and his absence does not give it any better position in the case. See

the *Platt* case, supra, headnote 2 (*c*). If the plaintiff stood charged with a violation of this ordinance, and the facts which appear in this record were before us, we would have to hold that he could not be convicted; because of his substantial compliance with the ordinance. His position is entirely different from that of the plaintiff in the *Chapman* case, decided this day, for, according to the allegations there, the plaintiff came upon the premises of the defendant and put himself within the range of a dangerous instrumentality, for the avowed purpose of committing a crime. In the present case the plaintiff, with every intention of obeying the law and after substantial compliance with its terms, went, not upon the premises of the defendant, but upon the premises of a third person, the city, to do an act which was apparently legal, and which, so far as the relations between the parties are concerned, was affected with no illegality. The court erred in sustaining the demurrer. *Judgment reversed.*