4922, 4997. COOPER & SONS *v.* BELL; and *vice versa.*

The motion for a new trial, not having been filed during the term at which the rule nisi was granted, should have been dismissed, on motion made at the hearing thereof.

DECIDED SEPTEMBER 23, 1913.

Complaint; from city court of Madison—Judge Anderson.

*F. C. Foster,* for Cooper & Sons.

*E. H. George,* contra.

RUSSELL, J. This case is controlled by the ruling of the Supreme Court in the case of *Hilt* v. *Young,* 116 *Ga.* 708 (43 S. E. 76). The plaintiff in the lower court has filed a cross-bill of exceptions, the ruling upon which will control the decision on both writs

of error. From the cross-bill it appears that the motion for a new trial was not filed at the term at which the rule nisi was granted, and indeed was not filed until the day the judgment was rendered overruling the defendant's motion for a new trial. Upon the hearing of the motion for a new trial, the plaintiff's counsel made a motion to dismiss it, which was overruled. As decided in *Hilt* v. *Young*, supra, the judge erred in refusing to dismiss the motion for a new trial. Our attention is called by counsel for the plaintiffs in error in the main bill of exceptions to the case of *Cook* v. *Cook*, 67 *Ga.* 381. Counsel for the plaintiff in the lower court pursued the practice suggested in that case. Nothing more is held in that case than that a writ of error will not be dismissed because no motion for a new trial was made in the lower court. And this ruling is in accord with the subsequent practice act of 1911 (Ga. L. 1911, p. 149). The ruling in *Southern Ry. Co.* v. *Flemister*, 120 *Ga.* 524 (48 S. E. 160), is not in point, because in the present case the record discloses without dispute the date upon which the motion for a new trial was actually filed.

*Judgment upon cross-bill of exceptions reversed; main bill of exceptions dismissed.*