### 6529.   CRADDOCK *v.* SEABOARD AIR-LINE RAILWAY.

WADE, J.   1.   The grounds of the motion for a new trial which assign error upon the charge of the court are wholly without merit.   The charge fairly and fully presented the law applicable to the issues made by the pleadings and evidence; and it was the duty of counsel, if the instructions of the court were too general to present specifically the exact issue or issues which he thought important to his client, to request in writing additional and more specific instructions.

2. The evidence warranted the verdict, and the trial judge did not err in overruling the motion for a new trial.          *Judgment affirmed.*

DECIDED JANUARY 11, 1916.

Action for damages; from city court of Atlanta—Judge H. M. Reid.   March 27, 1915.

*Walter A. Sims,* for plaintiff.   *W. G. Loving,* for defendant.

---

### 6601.   SCOTT *v.* WALTON *et al.*

WADE, J.   In this case there was an appeal by the defendant to a jury in a justice's court, and, the jury having rendered a verdict against him, he appealed to a jury in the superior court; bond being given in both instances.   On the call of the case in the superior court the appellant moved to dismiss his appeal to that court as being unauthorized by law, and, upon objection interposed by the opposing party, the court rendered judgment on the appeal bond in the superior court for the amount of the debt and costs, reciting that the appeal had been there abandoned upon the call of the case for trial.   To this judgment the appellant excepted.   "The condemnation money for which the surety on appeal is liable is that which is recovered in the case on the appeal trial.   If, by reason of injunction, death, or other cause, no trial of the case is or can be had as to the appellant, the surety is not subject for a breach of his bond.   He is liable only upon a judgment rendered against the principal or his representative in the case in which the appeal was entered."   *Planters' Bank* v. *Hudgins,* 84 *Ga.* 108 (10 S. E. 501).   No judgment on the appeal bond should have been entered against the appellant and his surety, except for costs in the appeal case; and to include in the judgment anything more was erroneous.          *Judgment reversed.*

DECIDED JANUARY 11, 1916.

Appeal; from Lincoln superior court—Judge Walker.   April 28, 1915.

*C. E. Sutton,* for plaintiff in error.

*J. M. Pitner,* contra.