## 8636. RAY *et al. v.* CRUCE.

If a certiorari, after being sanctioned by the judge of the superior court, be dismissed on the hearing before him for the reason that it does not properly appear that the cost has been paid, the judgment of dismissal is equivalent to holding that the proceeding is void; and, there being no legal writ before the court, it is without jurisdiction to entertain the proceeding, for the purpose of rendering its own final decision in the case, including judgment against the surety on the certiorari bond. But since a judgment is thus rendered upon the question of the validity of the certiorari, the surety is liable together with his principal for the cost of that proceeding.

Decided January 21, 1918.

Motion to set aside judgement; from Jackson superior court—Judge Brand. November 17, 1916.

*Ray & Ray, Thomas J. Shackelford,* for plaintiffs in error.
*J. S. Ayers,* contra.

Jenkins, J. The difficulty in the point raised in the present case lies in the proper interpretation of section 5205 of the Civil Code which provides as follows: "If the certiorari shall be dismissed, and a final decision made in the cause by the superior court, the defendant in certiorari may sign up judgment in said superior court against the plaintiff and his security for the sum recovered by him, together with the costs in said superior court; and if said case be sent back to the court below, and there be a judgment in said case in favor of said defendant in the court below, the security on the certiorari bond shall then be included as in case of security on appeal." If the meaning of this section is as broad as the literal import of the words might seem to imply, to wit, that notwithstanding the summary dismissal of a certiorari for any cause by the judge of the superior court, he has jurisdiction to entertain

it for the purpose of rendering a final decision as of that court and on the certiorari, in favor of the defendant in certiorari, then the judge did not err in also rendering judgment against the surety on the certiorari bond, since no objection as to its validity as such was made or shown. But if the word "dismissed" as used in the code section quoted should be taken as synonymous with "overruled" whenever "a final decision [is] made in the cause by the superior court," then this section would not be authority for the rendition of a final judgment against the defendant and his surety on a bond given in a void certiorari proceeding which the superior court is without jurisdiction to entertain. It would seem that the word "dismiss" is in fact used in a sense synonymous with "overrule" throughout the sections of the code dealing with the subject of certioraries (see § 5201). Even the language of section 5205 itself is that "*If* the certiorari shall be dismissed, *and* a final decision made in the cause by the superior court, the defendant in certiorari may sign up judgment", etc.; which language is susceptible of what seems to us the more reasonable interpretation that if the certiorari is dismissed in the sense that it is overruled, and consequently a final decision can properly be entered in the case (see *Pittman* v. *Alexander,* 19 *Ga. App.* 475, 91 S. E. 910), then such a judgment can also be taken against the surety on the certiorari bond. In the case of *Dykes* v. *Twiggs County,* 115 *Ga.* 698 (42 S. E. 36), the Supreme Court quoted approvingly from a former decision the following language: "As there was no legal writ of certiorari, there was really no case at all lawfully before the superior court." And while in such a case the legal effect of a summary dismissal is to allow the judgment of the court below to proceed, it is altogether a different thing for the superior court itself to render a final judgment in the cause, as of that court and on the certiorari. If the superior court upon such a dismissal has no authority to render its own final judgment in the case, it manifestly has none to render judgment against the surety on the bond. *Planters' Bank* v. *Hudgins,* 84 *Ga.* 108 (10 S. E. 501); *Scott* v. *Walton,* 17 *Ga. App.* 472 (87 S. E. 708). When a certiorari fails to properly show that the cost has been paid, the superior court is without jurisdiction to consider it, since the proceeding is wholly void; and it does not seem that upon its being thus summarily dismissed without a hearing upon its merits, the court could neverthe-

less entertain it for the purpose of rendering its own final decision in the case, including judgment against the surety on the bond given in a proceeding thus summarily dismissed as being absolutely void.

It is a well-recognized principle of law that when a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position through a judgment of the court, or through the acquiescence of the opposite party to his prejudice, he will not thereafter be permitted to assume, as to the same subject-matter and against the same adversary, a contrary position. *Haber-Blum-Bloch Hat Co.* v. *Friesleben,* 5 *Ga. App.* 123 (62 S. E. 712); *Vaughn* v. *Strickland,* 108 *Ga.* 659, 660 (34 S. E. 192); *Luther* v. *Clay,* 100 *Ga.* 236, 241 (28 S. E. 46); *Central Ry. Co.* v. *Waldo,* 9 *Ga. App.* 182 (70 S. E. 1021); *Paxson* v. *Planters Warehouse Co.,* 20 *Ga. App.* 267 (92 S. E. 1023). Thus, if the defendant in certiorari takes the position that the proceeding is altogether void, and that the superior court is therefore without jurisdiction to entertain it, and on its motion the proceeding is summarily dismissed without the merits of the case being passed upon, it would seem to be a contravention of the rule of law just stated to permit such a defendant thereupon to take the contrary position that a case did exist before the court, and to insist, not that it simply allow the judgment of the court below to proceed, but that it render its own final decision in the cause and therein include judgment against the surety on the bond given in a proceeding thus summarily dismissed as being wholly void. Under our view of the law, while the entering of final judgment in the case as of the superior court against the plaintiff in certiorari was harmless error, yet such a judgment so entered against his surety was reversible error. We think, however, that the surety, together with his principal, should be held liable for the cost of the proceeding, since an adjudication was had against his principal upon the validity of the appeal as such, even though the merits of the case itself were in no wise passed upon.

*Judgment reversed in part, and affirmed in part. Wade, C. J., and Luke, J., concur.*