### 13828.  KIRKLAND *v.* LUKE.

BELL, J.  1. "All writs of certiorari shall be allowed within three months after the rendition of the judgment sought to be reversed." Civil Code (1910), § 4365.  "A writ of certiorari is merely the judicial means of enforcing a right, and must not only be allowed to be brought by the sanction of the judge, but must actually be brought [by the filing of the petition therefor] within three months after the rendition of the judgment sought to be reversed." *Barrett* v. *Devine,* 60 *Ga.* 632 (1) (2); *Fuller* v. *Arnold,* 64 *Ga.* 599 (3); *Shaw* v. *Griffin,* 65 *Ga.* 304; *Western & Atlantic R. Co.* v. *Carson,* 70 *Ga.* 388; *Johnson* v. *State,* 69 *Ga.* 732; *Hilt* v. *Young,* 116 *Ga.* 708, 710 (43 S. E. 76); *Carson* v. *Mayor &c. of Forsyth,* 97 *Ga.* 258 (22 S. E. 955); *Seagraves* v. *Powell Co.,* 143 *Ga.* 572 (1) (85 S. E. 760); *Dunton* v. *Alexander,* 142 *Ga.* 659 (83 S. E. 519).

2. An attempt by the magistrate to answer the allegation of a petition for certiorari before the petition has been sanctioned or the writ of certiorari has been issued cannot be considered as an answer to the writ of certiorari. The magistrate has no authority to answer a certiorari until after the issuance of the writ. *Henry* v. *American Railway Express Co.,* 25 *Ga. App.* 646 (2) (104 S. E. 16).

3. Applying the foregoing principles to the facts of this case, in which it appears that the verdict and judgment complained of were rendered on July 24, and that although the certiorari was applied for on August 9, the petition was not sanctioned until November 8, and not filed until November 10, more than three months from the judgment sought to be reversed, the proceeding was void, and the superior court was right in dismissing the petition. *Loudermilk* v. *Stephens*, 126 *Ga*. 782 (1) (55 S. E. 956). See also *Earnhart* v. *Atlanta & West Point R. Co.*, 133 *Ga*. 59 (65 S. E. 138).

(*a*) The fact that the magistrate attempted to make an answer to the writ on September 18, 1920, before the petition for the writ was either filed or sanctioned, could not give life to the petition, which was void at the time of its filing. This case is readily distinguishable upon its facts from *McDonald* v. *Cousins*, 23 *Ga*. 227 (·3).

(*b*) The pendency of a traverse to a void " answer " of the magistrate will not preclude the dismissal of a void petition for certiorari.

4. The petition for certiorari being void, the superior court had no power concerning it except to dismiss it, and to enter a judgment for the costs against the petitioner and his security on the certiorari bond To this extent the judgment is affirmed. But the further action of the court in ordering a judgment against them to be entered for the sum recovered in the justice's court by the defendant in certiorari was erroneous, and is reversed. *Scott* v. *Walton*, 17 *Ga. App.* 472 (87 S. E. 708); *Morse* v. *Turner*, 20 *Ga. App.* 108 (2) (92 S. E. 767); *Ray* v. *Cruce*, 21 *Ga. App.* 539 (94 S. E. 899); *Planters & Miners Bank* v. *Hudgins*, 84 *Ga*. 108 (1) (10 S. E. 501). This sufficiently disposes of the exception to the inclusion in the judgment of an unauthorized rate of interest.

*Judgment affirmed in part and reversed in part. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 17, 1923.

Certiorari; from Berrien superior court — Judge Dickerson. May 22, 1922.

*R. A. Hendricks,* for plaintiff in error.

*E. R. Smith, McDonald & Willingham,* contra.