15921.   MERCHANTS & MINERS TRANSPORTATION CO.
*v.* GABLE & SINGER.

1. It appearing from the record that the petition for certiorari was not filed until more than three months after the rendition of the judgment sought to be reversed, the proceeding is to be treated as void.

2. The proceeding was fatally defective for the further reason that it did not affirmatively appear from the record, after the judge's answer was in, that the writ was applied for within thirty days from the final determination of the case.

3. The certiorari proceeding being defective for the reasons stated above, the judgment of dismissal will be affirmed upon the record, although the judge may have based his rulings upon other grounds.

DECIDED APRIL 17, 1925.

Certiorari; from Chatham superior court—Judge Meldrim. August 1, 1924.

*William R. Sanderson,* for plaintiff in error.

*Andrew J. Ryan Jr.,* contra.

BELL, J.   Gable & Singer brought a suit in the municipal court of Savannah against Merchants & Miners Transportation Company, to recover damages for delay in the carriage of a shipment from Baltimore to Savannah. The case terminated in the municipal court by a judgment in favor of the plaintiff. By certiorari the defendant carried the case to the superior court, where the certiorari was overruled or dismissed, and the defendant has brought a bill of exceptions to this court, assigning error upon that judgment.

A number of questions are argued in the brief of counsel for the plaintiff in error, but, irrespective of the correctness of the legal contentions thus made, we can not render any other judgment than one of affirmance, under the record. The answer to the certiorari as made by the judges of the municipal court was as follows:

"1.   The evidence set forth in the petition for certiorari is correct. As supplemental thereto the undersigned judges under-

stood the testimony of the witness H. Singer to be that all of the contents of the box, which was not delivered until after the passover, were specially prepared for the passover, and were of no value to the firm of Gable & Singer after the passover had expired.

"2.  The original papers in said case are herewith sent up and certified as correct."

It will be seen that the answer fails to verify that the writ was applied for within thirty days from the final determination of the case; nor does the fact otherwise appear in the record.  The petition alleges that the final judgment in the municipal court was rendered on January 28, 1924.  The answer of the judges of the municipal court fails to verify this allegation, unless by reference to the original papers "sent up" (see *Barfield* v. *McCombs,* 89 *Ga.* 799 (4), 15 S. E. 666) ; and in these there is nothing, so far as appears in the record before us, to show the date of the final judgment, or even that a final judgment was rendered.  The petition for certiorari was filed on June 2, 1924, more than thirty days from the date of the final judgment as alleged in the petition.  No sanction of the petition appears.  There is, therefore, nothing to show that the writ was applied for within thirty days from the final judgment, assuming that a final judgment was rendered on the date alleged in the petition.

But even if the petition could be treated as having been sanctioned within thirty days from January 28, 1924 (which, of course, in the state of the record can not be done), there was a failure to comply with the requirement of the then existing law (see subsequent statute, Ga. L. 1924, p. 59) that all writs of certiorari shall be brought by the filing of the petition therefor within three months after the rendition of the judgment sought to be reversed. *Kirkland* v. *Luke,* 30 *Ga. App.* 203 (1) (117 S. E. 259).

With further reference to the question of sanction, it is the rule that where in a certiorari case it does not affirmatively appear from the record, after the answer is in, that the writ was applied for within the time provided by law, the petition should be dismissed because of the failure of the petition to disclose a necessary jurisdictional fact.  *Sirmans* v. *Zucker Importing Co.,* 9 *Ga. App.* 789 (72 S. E. 190) ; *Elder* v. *Abel,* 33 *Ga. App.* 313 (125 S. E. 789).

It follows that the certiorari was properly dismissed upon the record, irrespective of the reasons assigned by the trial judge for his judgment.

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*