PEAVY *v.* PEAVY, administratrix.

No. 6432.   OCTOBER 9, 1928.

*J. A. McCurdy Jr.* and *Jackson & Moore,* for plaintiff.

*Scott Candler* and *Branch & Howard,* for defendant.

RUSSELL, C. J.   Mrs. Nellie Peavy brought an equitable petition against Mrs. J. E. Peavy as administratrix of the estate of H. D. Peavy, deceased.   The petitioner alleged that she was the wife and sole heir at law of said H. D. Peavy, and as such was entitled to the whole of the estate of said deceased, which, she

alleged, had been turned into cash which was in the hands of the administratrix. She prayed that the defendant be required to render a full, correct, and fair accounting as to the assets of said estate, and be required to turn them over to her. The defendant in her answer denied that the petitioner was the wife of H. D. Peavy, and averred that his only heir at law was his mother, the defendant, and his sisters and brothers. The trial of the issue thus made was had during the September term, 1927, of DeKalb superior court, and resulted in a verdict in favor of the defendant. During the September term, 1927, and on September 12, 1927, the plaintiff presented to the judge of said court a motion for a new trial. The court issued a rule nisi, ordering that the motion be filed and served upon counsel for defendant, and requiring that the defendant show cause, on October 22, 1927, why the motion should not be granted. On September 12, the attorneys for the defendant signed an acknowledgment of service in the following language: "Due and legal service of the within motion and order acknowledged; time, copy, and all other and further service waived. This 12 day of Sept., 1927. Scott Candler, Branch & Howard, attorneys for defendant."

It is admitted by both parties that the September term, 1927, of DeKalb superior court adjourned on September 17, 1927. The motion for new trial with the rule nisi was filed in the office of the clerk of superior court of DeKalb County on October 1, 1927. The hearing of the motion for new trial was continued by proper orders of the court until December 20, 1927. On that date, prior to the hearing of the motion, the counsel for the defendant made a motion to dismiss the motion for a new trial, upon the ground that said motion was not filed in the office of the clerk of the superior court of DeKalb County within the time allowed by law, that is, during the term at which said trial was had. Upon this motion the court passed the following order: "The above and foregoing motion to dismiss the plaintiff's motion for a new trial coming on to be heard, and it appearing that the plaintiff's motion for a new trial was not filed within the time prescribed by law, it is hereby ordered that the respondent's motion to dismiss plaintiff's motion for a new trial be and the same is hereby sustained, and plaintiff's motion for a new trial is hereby dismissed." The plaintiff excepted to this order.

We are of the opinion that the court did not err in dismissing the motion. Section 6089 of the Civil Code of 1910 provides that all applications for a new trial, except in extraordinary cases, must be made during the term at which the trial was had, and that when the term continues longer than thirty days, the application must be made within thirty days of the trial. The word "made" used in this section is synonymous with "filed." *Hilt* v. *Young*, 116 *Ga.* 708, 710 (43 S. E. 76). Therefore "it is essential to the validity of a motion for a new trial that it should be filed with the clerk of the trial court within the time prescribed by law; and a motion which has not been so filed should be dismissed, notwithstanding the judge before whom the case is tried may have granted a rule nisi during the term and within the time fixed by law for filing the motion." *Hilt* v. *Young*, supra. This construction of section 6089 has been followed in *Josey* v. *Groves*, 138 *Ga.* 317 (75 S. E. 135), *Keen* v. *Davis*, 141 *Ga.* 608 (81 S. E. 868), *U. S. Fidelity &c. Co.* v. *First National Bank*, 149 *Ga.* 132 (99 S. E. 529), and *Cooper* v. *Bell*, 13 *Ga. App.* 491 (79 S. E. 380), and may be accepted as settled law. However, in this case the plaintiff seeks to escape the effect of the rulings above cited, by the contention that the acknowledgment of service by the counsel for defendant constitutes a waiver of the time of filing. It is insisted that the failure to file a motion for new trial within the time prescribed by law does not render the proceeding absolutely void, and that such a defect may be waived by the opposite party. Whether this contention be correct is not in this case material; for it is clear to us that the acknowledgment of service in this case has no reference to the time of filing the motion for new trial. By its express terms it is confined to an acknowledgment of "due and legal service of the within motion and order." It is true that "time, copy, and all other and further service" is waived. But it is plain that the time of *filing* was not considered by either party, for the acknowledgment relates solely to service. While no specific time is prescribed by statute (Civil Code, § 6080) within which the respondent shall be served with a copy of the rule nisi issued upon an application for a new trial, it has been held that service must be had a reasonable time before the hearing, and that such service is essential unless service be waived. *Smedley* v. *Williams*, 112 *Ga.* 114 (37 S. E. 111) ; *McMullen* v. *Citizens Bank*, 123 *Ga.* 400

(51 S. E. 342); *Gould* v. *Johnslon,* 123 *Ga.* 765, 767 (51 S. E. 608). So there was a "time" of service which could be waived; and the argument of the plaintiff that the word "time" in the acknowledgment of service could relate only to the filing of the motion, and therefore constitute a waiver of the time of filing, is not sound. Thus construing the acknowledgment of service relied upon by counsel for plaintiff as a waiver of the time of filing the motion for a new trial, the rulings in the cases cited by him in an attempt to show that the defect caused by failure to file a motion for a new trial within the time required by law may be waived (*Moore* v. *Rosser,* 76 *Ga.* 329, *Obear* v. *Gray,* 73 *Ga.* 455, *Cothran* v. *Brower,* 71 *Ga.* 357, and *Augusla Ry. Co.* v. *Andrews,* 89 *Ga.* 653, 16 S. E. 203) have no application in this case. As stated above, we find no attempted waiver of the time of filing the motion for a new trial, and it is therefore unnecessary to consider whether the defect caused by failure to file a motion for a new trial within the time prescribed by statute may be waived by the opposite party.

The movant made no effort to bring her motion within the terms of section 6092 of the Code, providing for making motions for a new trial after the adjournment of the court. There is no reference to this statute in the case. As the motion for new trial was not filed during the term at which the trial was had, the trial judge did not err in dismissing the motion for new trial, on motion made by the defendant prior to the hearing of the application for a new trial. *Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurring specially. A motion for a new trial must be made during the term at which the verdict was rendered. The failure to file the motion in the office of the clerk of the court during the term will be cause for dismissal of the motion, and the effect of such failure can not be avoided by waiver on the part of the opposite party.