### 36056. BAKER et al. v. JENNINGS.

NICHOLS, J. 1. There is no procedure authorizing a claim to be filed in a trover case, but where such procedure is followed in the trial court without any objection on the part of the plaintiff, and where the defendant has filed an answer disclaiming any title to the property, but alleging that the party filing the claim is the real owner of the property, the issue then tried, as to the ownership of the property, is between the plaintiff and the claimant. See, in this connection, *Grizzard* v. *Trammell*, 72 *Ga. App.* 50 (32 S. E. 2d 910).

2. In the present case, where the claimant failed to file any motion for new trial within the same term at which the verdict was rendered and not until 32 days after the verdict complained of, it cannot be said that the claimant filed a motion for new trial within the time provided by Code § 70-301, as amended by the Act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 445; Code, Ann. Supp., § 70-301), and therefore the judgment of the trial court denying such motion for new trial as to the claimant will not be disturbed.

3. The motion to dismiss the bill of exceptions as to the defendant Baker is without merit and must be denied.

4. The verdict of the jury finding *hire* for the plaintiff was without evidence to support it, inasmuch as the evidence demanded a verdict that the *defendant* Baker had never been in possession of the automobile, and such a verdict is not recoverable against a claimant who has done nothing more than file a statutory claim. Therefore, the trial court erred in denying the motion for new trial of the defendant Baker, and the case is remanded to the trial court for a new trial as to the *hire* only.

*Judgment affirmed in part and reversed in part. Felton, C. J., and Quillian, J., concur.*

DECIDED APRIL 4, 1956—REHEARING DENIED APRIL 19, 1956.

*Emmett O. Dobbs, Jr., John I. Hynds*, for plaintiff in error.
*Currie & McGhee, Glover McGhee*, contra.