### 38446. ATLANTIC WHOLESALERS, INC. v. DEEB.

Felton, Chief Judge. Where there is a conflict between the bill of exceptions and the record, and the record shows that the certificate on the bill of exceptions was signed more than thirty days after the date of the ruling complained of, the record controls, and the writ of error must be dismissed. *Johnson v. Johnson*, 98 Ga. App. 588 (106 S. E. 2d 176); Ga. L. 1957, pp. 224, 244; *Code Ann.* § 6-902.

*Writ of error dismissed. Nichols and Bell, JJ., concur.*

Decided September 21, 1960—Rehearing denied October 24, 1960.

*Robert L. Cork*, for plaintiff in error.
*J. Lundie Smith*, contra.

On Motion for Rehearing.

"Unless it affirmatively appears from the record that the bill of exceptions was tendered to the trial judge on a different date, it will be presumed that the bill of exceptions was tendered to the judge on the date his certificate is signed." *Capers v. Ball*, 211 Ga. 502, 503 (87 S. E. 2d 85). Since *Capers v. Ball*, it is no longer sufficient to show that a bill of exceptions was presented in time for the bill of exceptions to recite that it was tendered to the judge within the time prescribed by law, but the record or the judge's certificate, or both, must affirmatively show

that the bill of exceptions was tendered to the judge for certification within the required time.

It is contended in this case that the judge mistakenly certified the bill of exceptions on a day later than the actual certification. We know of nothing that this court can do under the law to correct such an error, if such a one was made. The appellate court will not hear evidence to show that the date of the judge's certificate to a bill of exceptions is wrong. *Kohn v. Lovett*, 43 Ga. 179. See also *Cordray v. Savannah Union Station Co.*, 134 Ga. 865 (1) (68 S. E. 697).

*Motion for rehearing denied.*