## 39788. JOHNSON et al. v. HOUSING AUTHORITY OF THE CITY OF MARIETTA.

NICHOLS, Presiding Judge. The bill of exceptions shows that the verdict in the present case was rendered on March 29, 1962, while the record discloses that the verdict was rendered on March 15, 1962, although the judgment was not rendered on such verdict until March 29, 1962. On April 18, 1962 (thirty-four days after the verdict was rendered), a motion for new trial was filed in the office of the clerk of the trial court. *Held:*

1. Where there is a conflict between the bill of exceptions and the record, the record controls. *Smith v. A. A. Wood & Son Co.,* 103 Ga. App. 802 (1) (120 SE2d 800); *Upshaw v. O'Bryant,* 101 Ga. App. 781 (115 SE2d 591); *Atlantic Wholesalers, Inc. v. Deeb,* 102 Ga. App. 625 (116 SE2d 880).

2. "Applications for a new trial . . . shall be filed within thirty days of the rendition of the verdict." Ga. L. 1957, pp. 224, 235 (*Code Ann.* § 70-301). The motion for new trial was filed too late to give the trial court jurisdiction to entertain it. *Hilt v. Young,* 116 Ga. 708 (43 SE 76); *Crummey v. Armour Fertilizer Works,* 68 Ga. App. 557 (23 SE2d 270); *Baker v. Jennings,* 93 Ga. App. 778 (2) (92 SE2d 840); *Sikes v. Collins,* 198 Ga. 829 (33 SE2d 13); *Peavy v. Peavy,* 167 Ga. 219 (145 SE 55); *Keen v. Davis & Brandon,* 141 Ga. 608 (81 SE 868). Since the court was without jurisdiction to entertain the motion for new trial and should have dismissed it, the order overruling it was not harmful to the movant and therefore was not error. *Crummey v. Armour Fertilizer Works,* supra.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED OCTOBER 9, 1962.

*William H. Burke,* for plaintiffs in error.

*Edwards, Bentley, Awtrey & Bartlett, Fred E. Bartlett, Jr.,* contra.