## 43294. ARNOLD et al. v. CITIZENS BANK OF AMERICUS.

HALL, Judge. The defendants appeal from the judgment of the trial court granting the plaintiff's motion for summary judgment. The petition of the plaintiff bank alleged: The defendants, husband and wife, had a checking account "payable to either or the survivor." Through error the bank made two deposits to the defendants' account, which should have been made to the account of another depositor. The defendants drew checks on their account to the extent that the funds erroneously deposited were converted to the defendants' own use. The bank reimbursed the depositor to whose account the deposits should have been credited and demanded of the defendants payment of the sum they withdrew from the erroneous deposits, and the defendants refused to pay.

1. Where there is conflict between the notice of appeal and the record, the record controls. *Johnson v. Housing Authority of the City of Marietta,* 106 Ga. App. 739 (1) (128 SE2d 379). The motion to dismiss the appeal is denied.

2. Generally the deposit of money in a bank creates the relationship of debtor and creditor between the depositor and the bank. *Spain v. W. H. Beach & Son,* 52 Ga. 494. But this rule does not apply in this case to the money deposited for another account and erroneously credited by the bank to the

defendants' account. This is not a suit upon any contract between the bank and the defendants. It is a suit in quasi-contract for money had and received whereby the defendants had allegedly enriched themselves. See *Phillips v. Citizens & Southern Nat. Bank,* 117 Ga. App. 108. "When the plaintiff brings an action for money had and received against more than one defendant, and the defendants do not jointly receive the money, the plaintiff may recover from each defendant the amount received by him. *Cowart v. Fender,* 137 Ga. 586 (73 SE 822." *Magyer v. Brown,* 116 Ga. App. 498, 501 (157 SE2d 825). The fact that the two deposits were erroneously credited to the defendants' joint account does not show that either or both of them received any money.

The defendants' answer denied the allegation that the defendants converted the erroneous deposits to their own use. In support of its motion for summary judgment the bank submitted evidence that the sums withdrawn from the defendants' joint account resulted in overdrafts of $20,148.98. There is no evidence as to who withdrew or received the money. Thus as to this question there remains a genuine issue on a material fact, and the trial court erred in granting the plaintiff's motion for summary judgment.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*

ARGUED JANUARY 10, 1968—DECIDED JANUARY 22, 1968—REHEARING DENIED FEBRUARY 5, 1968—CERT. 

*Smith, Crisp & Hargrove, William E. Smith,* for appellants. *LeSueur & LeSueur, R. L. LeSueur,* for appellee.